973 So.2d 547 (2008)
Wilbert PIERRE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2238.
District Court of Appeal of Florida, Fifth District.
January 4, 2008.
Rehearing Denied February 6, 2008.
Wilbert Pierre, Jasper, pro se.
Bill McCollum, Attorney General, Tallahassee and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Wilbert Pierre ["Pierre"] appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief and the denial of his motion to recuse.
Pierre's motion to recuse, which was based on prior adverse rulings, was properly denied. See Thompson v. State, 759 So.2d 650 (Fla.2000). The denial of Pierre's claim 6 was also proper because this claim was conclusively refuted by the record attached to the trial court's order.
We conclude, however, that the trial court erred in denying Pierre's claims 1-5 as facially insufficient without allowing Pierre an opportunity to correct the pleading deficiencies in these claims. The Florida Supreme Court recently announced that a defendant who has filed a legally insufficient Rule 3.850 motion should be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected. See Spera v. State, 971 So.2d 754 WL (Fla. 2007), rehearing denied, No. SC06-1304 (Fla. Dec. 26, 2007). Although the trial court denied Pierre's motion prior to the issuance of Spera, this case was in the appellate "pipeline" at the time of Spera's issuance and, therefore, Spera applies. See Smith v. State, 598 So.2d 1063, 1066 (Fla. 1992).
*548 The court in Spera held that a postconviction motion should not be denied because of a pleading defect if that pleading defect could be remedied by a good faith amendment to the motion. The court further held that the proper procedure when a motion is legally insufficient is for the trial court to strike the motion with leave to amend within a reasonable period. Id.; see also Bryant v. State, 901 So.2d 810 (Fla.2005); Keevis v. State, 908 So.2d 552 (Fla. 2d DCA 2005). In this case, it is not apparent that the defects in the motion could not be remedied, depending on the facts. Accordingly, we are bound to reverse and remand for the trial court to strike the motion with leave to amend within a specified time consistent with the parameters identified in Spera.[1]
AFFIRMED in part, REVERSED in part and REMANDED.
PALMER, C.J. and EVANDER, J., concur.
NOTES
[1] We are aware that in Hagins v. State, 969 So.2d 1164 (Fla. 5th DCA 2007), this court affirmed a dismissal without prejudice. In that case, however, the trial court had already specified that dismissal was without prejudice. In the usual case, reversal and remand will be required.