981 So.2d 1249 (2008)
Jeffrey Allen PARSONS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-967.
District Court of Appeal of Florida, Fifth District.
May 16, 2008.
Jeffrey A. Parsons, Blountstown, pro se.
Bill McCollum, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, C.J.
Jeffrey Parsons (defendant) appeals the trial court's order which summarily denied six grounds set forth in his motion for post-conviction relief and denied a seventh ground after conducting an evidentiary hearing thereon.[1] We affirm in part and reverse in part.
Our review of the record establishes that the trial court's denial of claim 4, after an evidentiary hearing, was proper, based on the finding that the testimony of the defendant was less credible than the testimony *1250 of defense counsel. Accordingly, we affirm that ruling.
The trial court's rulings summarily denying claims 2, 5, and 7 are also affirmed because those claims were conclusively refuted by the excerpts of the record which were attached to the trial court's order.
However, the trial court's rulings summarily denying claims 1, 3, and 6 are reversed pursuant to the ruling in Spera v. State, 971 So.2d 754 (Fla.2007).[2] In Spera, our Supreme Court ruled that a defendant who files a legally insufficient rule 3.850 motion should be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected. It is not apparent in this case that the defects in claims 1, 3, and 6 cannot be remedied by amendment. Accordingly, we reverse and remand for the trial court to strike the defendant's motion with leave to amend these three claims in a specified time consistent with parameters identified in Spera.
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] See Fla.R.Crim.P. 3.850
[2] Although the trial court denied the defendant's motion prior to the issuance of Spera, this case was in the appellate pipeline at the time of Spera's issuance and, therefore, Spera applies. See Pierre v. State, 973 So.2d 547 (Fla. 5th DCA 2008).