PER CURIAM.
The defendant, Kristian Nicholas Duarte, was charged by the statewide prosecutor with one count of conspiracy to traffic in heroin, 28 grams or more. On September 13, 2004, with the assistance of his trial attorney, Duarte entered a negotiated plea agreement whereby he pleaded guilty in. return for a conviction on the lesser offense of conspiracy to traffic in heroin. Duarte did not file a direct appeal. His private postconviction counsel filed a rule 3.850 motion on October 20, 2006, raising three grounds.
First, Duarte alleged that the negotiated plea agreement accepted by the trial court provided that if Duarte pleaded guilty and agreed to be deported, then, once he was sentenced, that deportation order would immediately require the trial court to reduce his sentence to time served. The trial court correctly ruled that this assertion was refuted by the written plea agreement and the plea colloquy.
Second, Duarte contended that he did not know, either at the time he entered his guilty plea or at sentencing, that two “of the main agents in his case were determined to have engaged in misconduct to the extent that they would not have been credible witnesses” for the State. He named one of the two agents who had allegedly engaged in misconduct in the performance of his duties. The trial court denied relief on the basis that this ground was vague, conclusory, and legally insufficient.
Third, Duarte maintained that the plea agreement violates his constitutional due process rights. He asserted that provisions in the agreement are “unreasonable and unconscionable” because they prevent him from bringing to the court’s attention favorable evidence about his background. The trial court ruled that this claim was also legally insufficient because Duarte had not presented any argument or evidence that the outcome of his case would have been different had he been able to present the information he described.
Under Spera v. State, 971 So.2d 754 (Fla.2007), we are compelled to reverse in part and remand. As this court explained:
The court in Spera held that a post-conviction motion should not be denied because of a pleading defect if that pleading defect could be remedied by a good faith amendment to the motion. The court further held that the proper procedure when a motion is legally insufficient is for the trial court to strike the motion with leave to amend within a *699 reasonable period. Id.; see also Bryant v. State, 901 So.2d 810 (Fla.2005); Keevis v. State, 908 So.2d 552 (Fla. 2d DCA 2005). In this case, it is not apparent that the defects in the motion could not be remedied, depending on the facts. Accordingly, we are bound to reverse and remand for the trial court to strike the motion with leave to amend within a specified time consistent with the parameters identified in Spera.
Pierre v. State, 973 So.2d 547, 548 (Fla. 5th DCA 2008) (footnote omitted); see also Dinkins v. State, 974 So.2d 555 (Fla. 5th DCA 2008). Because it is not apparent in this case that the defects in the second and third claims cannot be remedied by amendment, we reverse and remand to the trial court to strike Duarte’s motion with leave to amend claims two and three within a reasonable time period.
REVERSED IN PART AND REMANDED.
SAWAYA, ORFINGER, and TORPY, JJ., concur.