984 So.2d 1276 (2008)
Antonio T. NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-391.
District Court of Appeal of Florida, Fifth District.
June 27, 2008.
*1277 Antonio T. Neal, Bowling Green, Pro Se.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Antonio T. Neal appeals the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Neal pled no contest to charges of attempted robbery with a firearm and kidnapping. He now asserts that his codefendant and the victim have provided affidavits that demonstrate his innocence. The trial court summarily denied Neal's motion, concluding that he did not "explain how or why this alleged newly discovered evidence was not known to him or counsel at the time he entered his plea or why it could not have been discovered through due diligence."
The trial court is correct in its assessment of Neal's pleading deficiency. However, under Spera v. State, 971 So.2d 754 (Fla.2007), we are compelled to reverse. As we explained in Pierre v. State, 973 So.2d 547, 548 (Fla. 5th DCA 2008):
The court in Spera held that a post-conviction motion should not be denied because of a pleading defect if that pleading defect could be remedied by a good faith amendment to the motion. The court further held that the proper procedure when a motion is legally insufficient is for the trial court to strike the motion with leave to amend within a reasonable period. Id.; see also Bryant v. State, 901 So.2d 810 (Fla.2005); Keevis v. State, 908 So.2d 552 (Fla. 2d DCA 2005). In this case, it is not apparent that the defects in the motion could not be remedied, depending on the facts. Accordingly, we are bound to reverse and remand for the trial court to strike the motion with leave to amend within a specified time consistent with the parameters identified in Spera.

(Footnote omitted); see Dinkins v. State, 974 So.2d 555 (Fla. 5th DCA 2008). Because it is not apparent that the defects in Neal's claim cannot be remedied by amendment, we reverse and remand with instructions that the trial court strike Neal's motion with leave to amend within a reasonable time period.
REVERSED AND REMANDED.
PLEUS, ORFINGER and TORPY, JJ., concur.