SAWAYA, J.
 

 Optavis Oliver appeals the trial court’s order, which summarily denied four claims set forth in his motion for postconviction relief and denied two others after an evi-dentiary hearing.
 
 [1]
 
 Pursuant to
 
 Spera v. State,
 
 971 So.2d 754, 755 (Fla.2007), we reverse that portion of the order summarily denying claim two wherein Oliver attempted to allege ineffective assistance of his trial counsel for failing to properly challenge the reliability of the drug dog that initially alerted on the drugs that ultimately led to Oliver’s arrest. We do so because we are unable to conclude that the deficiencies in the motion as to that claim cannot be remedied by amendment.
 
 See also Neal v. State,
 
 984 So.2d 1276, 1277 (Fla. 5th DCA 2008) (holding that unless it is apparent that defects in postconviction claims cannot be remedied by amendment, the trial court must allow a defendant to amend his motion to correct deficiencies);
 
 Vasser v. State,
 
 983 So.2d 704 (Fla. 5th DCA 2008);
 
 Pierre v. State,
 
 973 So.2d 547, 548 (Fla. 5th DCA 2008). Accordingly, the pertinent part of the order is reversed and this case is remanded with instructions that the trial court strike claim two with leave to amend “in a specified time consistent with parameters identified in
 
 Spera.” Parsons v. State,
 
 981 So.2d 1249, 1250 (Fla. 5th DCA 2008). As to the remaining portion of the order denying the other five claims, we affirm without further comment.
 

 
 *705
 
 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 GRIFFIN and EVANDER, JJ., concur.
 

 [1]
 

 .
 
 See
 
 Fla. R. Crim. P. 3.850.