SAWAYA, J.
 

 Jose Escobar-Guillen appeals the trial court’s order that summarily denied his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief in which he alleged a
 
 Miranda
 

 [1]
 

 violation and coerced confession. Pursuant to
 
 Spera v. State,
 
 971 So.2d 754, 755 (Fla.2007), we reverse. We do so because we are unable to conclude that the facial deficiencies of these claims, referenced by the trial court, cannot be remedied by amendment.
 
 See Oliver v. State,
 
 10 So.3d 704 (Fla. 5th DCA 2009).
 

 Accordingly, the order is reversed and this case remanded with instructions that the trial court strike the motion with leave to amend in a specified time consistent with the parameters identified in
 
 Spera. See Oliver; Parsons v. State,
 
 981 So.2d 1249, 1250 (Fla. 5th DCA 2008).
 

 REVERSED and REMANDED.
 

 PALMER and JACOBUS, JJ., concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).