PER CURIAM.
Appellant, Joseph Boule, appeals the summary denial of his rule 3.850 motion in which he alleges that his trial counsel was ineffective in failing to discover a video tape which contradicted the testimony of the officer who arrested him. Although Boule’s motion was filed more than two years after his judgment and sentence became final, Boule is relying on one of the exceptions to the two-year rule by alleging that the video tape is newly discovered evidence. However, it is apparent from Boule’s motion that his claim is insufficiently pled because the motion does not indicate that the video tape constitutes newly discovered evidence. In order for evidence to be considered “newly discovered,” it must have been unknown at the time of trial and it must appear that neither the defendant nor his counsel could have known of it by the exercise of diligence. See Jones v. State, 591 So.2d 911, 916 (Fla.1991) (defining newly discovered evidence). Here, Boule has failed to allege when the video was discovered, that it was unknown to the parties at the time he entered his plea, and that the video could not have been discovered with the exercise of diligence. If Boule, in good faith, can make those allegations he should be given an opportunity to do so. - See Spera v. State, 971 So.2d 754 (Fla.2007). Accordingly, we reverse and remand for the trial court to strike Boule’s motion with leave to amend his claim in a specified time consistent with the parameters identified in Spera., See Parsons v. State, 981 So.2d 1249, 1250 (Fla. 5th DCA 2008).
REVERSED and REMANDED with Instructions.
GRIFFIN, EVANDER and JACOBUS, JJ., concur.