PER CURIAM
Alfonso Edwards appeals the order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
Edwards timely filed his postconviction motion, raising two claims for relief. His first claim alleged that a scoresheet error rendered his plea involuntary. The postconviction court failed to rule on this claim, which warrants a remand for the court to address that claim. See Purse v. State, 185 So.3d 627, 627 (Fla. 5th DCA 2016).
*999 In his second claim, Edwards asserted ineffective assistance of counsel in that his trial counsel did not discover the scoresheet error prior to the entry of his plea. Edwards argued that, as a result of this oversight, he experienced a harsher sentence than was legally required. The postconviction court properly found this claim to be facially insufficient because Edwards failed to allege that he would not have entered his plea but for counsel's error. Although this claim is facially insufficient, Edwards should be given notice and an opportunity to correct the deficiency within a specified time consistent with Florida Rule of Criminal Procedure 3.850(f), provided he can do so in good faith. See Spera v. State, 971 So.2d 754, 761 (Fla. 2007) ; see also Boule v. State, 86 So.3d 1185, 1186 (Fla. 5th DCA 2012).
Accordingly, we reverse the summary denial, and remand for the postconviction court to consider claim one and to strike claim two with leave to amend.
REVERSED AND REMANDED.
EVANDER, EDWARDS, and GROSSHANS, JJ., concur.