816 So.2d 808 (2002)
Billy F. HANSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3942.
District Court of Appeal of Florida, First District.
May 16, 2002.
*809 Appellant, pro se.
Robert A. Butterworth, Attorney General, Robert R. Wheeler, Assistant Attorney General, James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the summary denial of his motion for voluntary dismissal without prejudice of his rule 3.850 motion, and subsequent denial on the merits of his rule 3.850 motion. Because Appellant timely filed the motion to dismiss pursuant to the mailbox rule before the trial court ruled on Appellant's rule 3.850 motion, we reverse.
Where an appellant files a timely motion for voluntary dismissal of a rule 3.850 motion, and the state suffers no prejudice, the appellant's motion should be granted. See Nelson v. State, 784 So.2d 1266 (Fla. 1st DCA 2001). Such a motion should be granted without prejudice to the appellant's right to file a subsequent motion. See Ford v. State, 752 So.2d 1255 (Fla. 1st DCA 2000); Carvalleria v. State, 675 So.2d 251 (Fla. 3d DCA 1996). A motion to dismiss is timely where it is filed before the trial court has ruled on the rule 3.850 motion. See Gonzalez v. State, 664 So.2d 74 (Fla. 3d DCA 1995); Howard v. State, 743 So.2d 608 (Fla. 4th DCA 1999).
In the present case, Appellant's motion to dismiss was filed pursuant to the mailbox rule on August 14, 2001, and the trial court clerk's office received the motion on August 16, 2001, prior to the trial court's ruling upon the underlying rule 3.850 motion on August 17, 2001. Accordingly, Appellant's motion to dismiss was timely. Although the trial court may have ruled upon the postconviction motion before becoming aware that a motion to dismiss was pending, the trial court should have corrected its oversight when ruling upon Appellant's timely motion for rehearing. Accordingly, we reverse the trial court's order denying Appellant's motion for postconviction relief and remand with directions to grant Appellant's *810 motion for voluntary dismissal without prejudice.
REVERSED and REMANDED.
BOOTH, BENTON and VAN NORTWICK, JJ., concur.