840 So.2d 1108 (2003)
Scott M. ANDERSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D02-478.
District Court of Appeal of Florida, Second District.
March 19, 2003.
*1109 Scott M. Anderson, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Scott M. Anderson has filed a petition for writ of certiorari seeking review of an order of the circuit court acting in its appellate capacity. The circuit court dismissed an appeal he had filed in that court, which sought review of a county court order dismissing, without prejudice, his motion for postconviction relief relating to a misdemeanor offense. Although the circuit court erred when it dismissed the appeal, we deny the petition.
When reviewing a decision of the circuit court acting in its appellate capacity, this court's inquiry, under certiorari, is limited to determining whether the circuit court afforded procedural due process and whether it applied the correct law. Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla. 2000).
The basis of the circuit court's dismissal of Anderson's appeal was that he had failed to file an appellate brief in the case as the court had directed. The circuit court failed to apply the correct law when it made this ruling because pursuant to Florida Rule of Appellate Procedure 9.141(b)(2)(C): "No briefs or oral argument shall be required" in an appeal from the summary denial of a postconviction motion. The circuit court acting in its appellate capacity should have reviewed the record to determine if the dismissal of the motion for postconviction relief was proper.
This court has reviewed the record from the circuit court including the order in the county court proceeding that dismissed the postconviction motion without prejudice. We conclude that the order dismissing the motion for postconviction relief without prejudice was affirmable on its merits. Accordingly, we decline to issue the writ of certiorari.
Petition for writ of certiorari is denied.
ALTENBERND, C.J., and SALCINES and STRINGER, JJ., concur.