975 So.2d 572 (2008)
Willie WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-5090.
District Court of Appeal of Florida, First District.
February 19, 2008.
*573 Willie Watson, pro se, for Appellant.
Bill McCollum, Attorney General, and Phillip W. Edwards, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Willie Watson appeals a circuit court order summarily denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Additionally, he appeals from a circuit court order denying his amended motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm without comment the circuit court's denial of these motions, finding each of Watson's claims barred or meritless.
We write only to address the applicability of Spera v. State, 971 So.2d 754, 761-762 (Fla.2007), which was issued after Watson submitted his brief for this appeal. In essence, Spera states that when a defendant's motion for postconviction relief is summarily denied for failure to meet pleading requirements, the trial court must give the defendant the opportunity to amend the motion. Id. at 761. Here, several of the claims in Watson's rule 3.850 motion were found facially insufficient. However, since Spera had yet to be issued, the trial court did not allow Watson to amend his motion. Watson then appealed, although his brief does not address whether he should have been allowed to amend his motion. He has not filed any additional authority mentioning Spera or its findings.
The question before this Court, then, is whether we should consider Spera in cases where a defendant has appealed from a summary denial of a postconviction motion, but failed to address Spera or its holding in the documents submitted for appeal. We find, in such specific circumstances, that Spera should not be considered.
Traditionally, when a defendant submits a brief in an appeal from a summary denial of a postconviction motion, this Court may review only those arguments raised and fully addressed in the brief. See Cooper v. State, 856 So.2d 969, 977 n. 7 (Fla.2003) (finding "speculative, unsupported" arguments raised in a brief addressing a summary denial to be improper); Marshall v. State, 854 So.2d 1235, 1252 (Fla.2003) (noting issues raised in an appellate brief addressing a summary denial must be supported by "definitive arguments"). We find the same logic should be applied to the application of Spera. When a defendant appeals from a summary denial of his postconviction motion, he must address the applicability of Spera's holding in his appellate brief or supplemental authority to preserve such arguments for review. If the defendant fails to do so, he waives any claim he may have had concerning Spera.[1]
Here, although Watson's appellate brief was submitted before Spera was issued, he has not submitted additional authority mentioning its application to his case. Therefore, this Court is not required to *574 consider whether it applies. The circuit court's orders are thereby AFFIRMED.
BARFIELD and HAWKES, JJ., concur.
WOLF, J., concurs with opinion.
WOLF, J., Concurring.
I believe that the requirements of Spera v. State, 971 So.2d 754 (Fla.2007), are impractical and require extensive judicial labor for little, if any, legitimate return from an already overburdened court system. An unjustified fear of finality will require us to spend limited resources on largely unfounded claims rather than allowing the court system to expeditiously and thoroughly address legitimate claims for relief. To mitigate this effect, I would require that a claim pursuant to the dictates of Spera must be raised in the trial court and raised within an appellate brief in order to entitle an appellant to relief.
While Spera says it does not invite frivolous pleadings, I respectfully suggest that all efforts to preclude such pleadings in the past have been largely unsuccessful. Postconviction relief was originally meant to be an extraordinary remedy to address instances where a defendant is in jail as a result of a truly unfair proceeding. In fact, rule 3.850 was created in an effort to stem the tide of habeas corpus filings predicted as a result of the United States Supreme Court's holding in Gideon v. Wainwright.[2]Roy v. Wainwright, 151 So.2d 825 (Fla.1963) (discussing at length the creation of Criminal Procedure Rule No. 1, rule 3.850's predecessor, in light of fears of numerous filings on the heels of the Gideon decision). It was not intended to be what it has become  a mechanism allowing convicted defendants who have been provided a second opportunity to appeal to throw as many claims of ineffective assistance of counsel against the wall to see how many will stick. This case is a perfect example of such; in his motion asserting numerous ineffective assistance of counsel claims, appellant asserts his counsel erroneously failed to object to the trial court allowing a handicapped person to testify from a wheelchair.
In fact, postconviction motions such as this one are flooding the judicial system. Of the 4,349 cases disposed of by three-judge panels of the First District Court of Appeal in 2007, 1,222, or over 28%, involved postconviction motions. Requiring trial judges to review numerous frivolous amendments only increases the problem.
Spera expressly dictates that the "trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion." 971 So.2d at 761. This statement implies that a defendant must first ask for leave to amend his petition in the trial court; a position that I believe is sound. Trial courts shall only be required to grant leave to amend a facially or legally insufficient rule 3.850 motion if (1) the defendant requests such leave to amend, and (2) the motion can be sufficiently amended to create a viable claim. If no such request is made, the trial court should be able to deny relief based on either procedural or facial insufficiency, without offering the defendant leave to amend his motion. A parallel civil rule has been employed by this court. See Fox v. Harris, 773 So.2d 107 (Fla. 1st DCA 2000) (holding that where an appellant fails to show that he asked for and was denied leave to amend below, he may not request reversal for leave to amend from this court). Preservation at the trial level should also be required in the context of non-capital post conviction motions.
*575 Spera is also silent on whether, in granting leave to amend, a trial or appellate court must advise petitioners on how to correct deficiencies in their pleadings. Absent this advice from the court, Spera requires trial judges to address numerous additional petitions that will again prove deficient. Alternatively, requiring trial judges to give this advice puts them in the position of being a legal adviser and using limited judicial resources to frame responses. If the trial court incorrectly provides this advice, will we then have opened up a new area of appeal?
While I agree with the result reached by the majority that we should require petitioners to raise the issue on appeal, I am reluctant to set up an additional illogical system similar to Anders where a party gets greater review (Spera review when the issue has not been raised) when it does not file a brief than when it does file a brief but does not raise the issue. See Footnote 1 in the majority opinion. Writing on a clean slate, I would hold that no party seeking postconviction relief would be entitled to an automatic right to amend without raising the issue before the trial court and on appeal.
Because I see no reasonable probability that this petition can be amended to state arguable grounds for relief, and because it does not appear that appellant requested leave to amend his petition from the trial court, I agree to affirm the trial court's order.
NOTES
[1] However, if a defendant does not file a brief when appealing the denial of his postconviction motion, this Court is still required to investigate all possible means of relief, including the potential application of Spera. See Anderson v. State, 840 So.2d 1108, 1109 (Fla. 2nd DCA 2003).
[2] 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).