977 So.2d 710 (2008)
Jerome NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3855.
District Court of Appeal of Florida, First District.
March 25, 2008.
*711 Jerome Nelson, pro se, Appellant.
Bill McCollum, Attorney General, and Philip W. Edwards, Assistant Attorney General, Tallahassee, for Appellee.
HAWKES, J.
Appellant appeals the summary denial of the eleven ineffective assistance of counsel claims which he raised in his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm in part and reverse in part and remand.
Appellant timely filed a rule 3.850 motion, alleging eleven ineffective assistance of counsel claims. The trial court summarily denied each of the claims. We affirm the summary denial of nine of the claims without further comment and reverse on the remaining two claims.
Claim 4 is reversed because the attached portion of the record does not conclusively refute this sufficiently pled claim. On remand, the trial court is instructed to attach portions of the record conclusively refuting this claim or conduct an evidentiary hearing. See Williams v. State, 947 So.2d 1191 (Fla. 1st DCA 2007).
Claim 7, which was summarily denied as facially insufficient, is reversed and remanded to the trial court with instructions to offer Appellant leave to amend the insufficient claim if the deficiency can be cured. See Spera v. State, 971 So.2d 754 (Fla.2007).
The procedure articulated in Spera allows a defendant an opportunity to amend facially insufficient postconviction claims unless the claims cannot be corrected. See id. at 755, 761; see also Prevost v. State, 972 So.2d 274 (Fla. 1st DCA 2008) (holding that Spera allows the defendant one opportunity to cure the deficient claims within 30 days, and if no amendment is filed within the allowed time, claims may be denied with prejudice). Spera's procedure applies uniformly to all insufficiently pled postconviction claims whether determined to be legally or facially insufficient. Spera, 971 So.2d at 761. The trial court has discretion in determining the length of the defendant's leave to amend and Spera suggested thirty days would be reasonable. Id. Although a trial court in its discretion may grant more than one opportunity to amend an insufficient claim, Spera does not mandate repeated opportunities. Furthermore, Spera does not impose on trial courts or court personnel the nearly impossible burden to provide legal guidance or "suggestions" to help the defendant file sufficient "good faith" claims or explain why the claims are insufficient or how to cure the insufficiency. However, when provided an opportunity to amend, the defendant may only amend defective pleadings if it can be done in good faith. Spera, 971 So.2d at 762.
Finally, based upon Spera and Nelson v. State, 875 So.2d 579, 584 (Fla.2004), once the window of opportunity to amend expires and the defendant is unable or unwilling to cure the deficiency, the insufficient claim may be denied with prejudice.
The trial court, upon receipt of a rule 3.850 motion, but prior to ruling on the merits of the entire motion, should review the motion to determine whether any claims are facially or legally insufficient. If any claims are insufficient, the trial court should strike the motion with leave *712 to amend the insufficient claims unless the deficiencies cannot be cured. Should the defendant decline to amend, the defendant may move the trial court to enter a final order of disposition on the motion.
In this case, Appellant's claim 7 alleged that his trial counsel was ineffective for failing to investigate whether other potential suspects mentioned by some of the witnesses might have had gold teeth or might have driven the alleged getaway car and exculpated Appellant. To raise a sufficient claim under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Appellant must state the relevant facts, and allege how or why counsel was deficient in his performance and how or why the deficiency prejudiced the outcome of the proceeding. See Spera, 971 So.2d at 757-58. We agree with the trial court that this claim was insufficiently pled. Since Appellant failed to plead a facially sufficient claim under Strickland and since it is unclear whether the trial court allowed Appellant leave to amend this insufficient claim, we reverse and remand with instructions to provide Appellant his leave to amend, or, if the trial court has provided Appellant leave to amend, then to attach a copy of the order showing leave was granted and the time to amend had expired.
AFFIRMED in part; REVERSED in part and REMANDED with instructions consistent with this opinion.
BARFIELD and WOLF, JJ, concur.