993 So.2d 1064 (2008)
Miguel R. SIERRA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-5468.
District Court of Appeal of Florida, First District.
June 16, 2008.
Miguel R. Sierra, pro se, Appellant.
Bill McCollum, Attorney General, and Joshua R. Heller, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
The appellant raised twenty claims in his motion for postconviction relief. We affirm the denial of grounds 2, 3, 7, 8, 9, 11, 12, 16, 17, and 20 without discussion as those claims were properly denied on the merits. However, the trial court denied grounds 1, 4, 6, 10, 14, 15, and 19 solely on the grounds that the claims were facially insufficient. We agree that those claims are facially insufficient but, pursuant to Spera v. State, 971 So.2d 754 (Fla.2007), the trial court should have given appellant *1065 an opportunity to amend the facially insufficient claims.[1]
As to the remaining claims, the trial court denied grounds five, thirteen and eighteen on the merits and as facially insufficient. Again, we agree that grounds five, thirteen and eighteen are facially insufficient. However, the trial court failed to attach record portions supporting its denial of ground five on the merits. In ground thirteen, the appellant asserted that counsel was ineffective for failing to impeach the victim with prior inconsistent statements, namely the victim's failure to report specific facts to the investigating officer. We are unable to determine from the limited record whether the trial court's denial on the merits was proper. In ground eighteen, the appellant asserted that counsel was ineffective for failing to object to the prosecutor's statement suggesting in closing argument that the state did not present all its witnesses. Again, it is not clear from the record whether the trial court properly denied ground eighteen on the merits. Because claims five, thirteen and eighteen are facially insufficient, and we cannot tell from the record whether those claims were properly denied on the merits, we reverse and remand for the trial court to grant appellant leave to amend.
In accordance with Spera v. State, 971 So.2d 754 (Fla.2007), we reverse and remand for the trial court to allow appellant the opportunity to amend his facially insufficient claims (1, 4, 5, 6, 10, 13, 14, 15, 18, 19) within a reasonable period of time. The denial of the remaining grounds of appellant's motion is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
WEBSTER, BENTON, and POLSTON, JJ., concur.
NOTES
[1] We note that when the trial court denied the appellant's motion, Spera had not yet been decided. However, Spera still applies to this case. See Watson v. State, 975 So.2d 572 (Fla. 1st DCA 2008) (holding that Spera applies to the review of the denial of a rule 3.850 motion if a defendant does not file a brief on appeal).