993 So.2d 152 (2008)
Marcial RODRIQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-2869.
District Court of Appeal of Florida, First District.
October 29, 2008.
*153 Marcial Rodriquez, pro se, for Appellant.
Bill McCollum, Attorney General; and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
Marcial Rodriquez (Appellant) appeals a final order denying his timely, sworn Florida Rule of Criminal Procedure 3.850 motion alleging eight claims of ineffective assistance of trial counsel. We affirm the order in substantial part but are constrained to reverse the ruling as to Ground Eight and to remand this cause to the circuit court pursuant to Spera v. State, 971 So.2d 754 (Fla.2007).
A jury found Appellant guilty, as charged, with three counts of sale or delivery of cocaine, two counts of possession of cocaine with intent to sell or deliver, and one count of trafficking in cocaine (28 grams or more, but less than 200 grams). Appellant was designated a habitual felony offender and sentenced accordingly. His convictions and sentences were affirmed in Rodriguez [sic] v. State, 889 So.2d 76 (Fla. 1st DCA 2004). The circuit court summarily denied Grounds One, Five, and Eight of the motion for post-conviction relief but ordered the State to respond to the remaining five grounds. After the State filed its response, the circuit court denied relief on Ground Four without a hearing. After the State conceded the need for an evidentiary hearing, the court scheduled one to address Grounds Two, Three, Six, and Seven. Appellant moved for appointment of counsel and an interpreter. An interpreter was provided, but the motion for appointment of counsel was denied. At the conclusion of the testimony at the evidentiary hearing, the circuit court denied the four remaining grounds for relief.
Appellant's first issue on appeal challenges the circuit court's failure to appoint counsel for the evidentiary hearing. We find no abuse of discretion in this ruling, given the specific factors in Appellant's case. See Graham v. State, 372 So.2d 1363, 1366 (Fla.1979).
Another issue on appeal challenges the denial of Ground Eight as facially insufficient. This claim alleged that trial counsel remained silent and failed to object when "inadmissible, prejudicial evidence" in the form of a Coca-Cola can and an F.D.L.E. laboratory report was introduced. In support of his argument as to only this issue, Appellant contends that the circuit court should have permitted him to amend this claim pursuant to Spera, 971 So.2d at 761. The circuit court denied Ground Eight in 2006. The Supreme Court of Florida did not issue Spera until November 2007, which was after the evidentiary hearing was held and the final order issued in Appellant's case. Even so, Spera pertains to cases such as Appellant's in which the appeal was pending when Spera was issued. See Watson v. State, 975 So.2d 572, 573 (Fla. 1st DCA 2008); *154 Pierre v. State, 973 So.2d 547 (Fla. 5th DCA 2008). But see Davis v. State, 33 Fla. L. Weekly D604, D605, ___ So.2d ___, ___, 2008 WL 508654 (Fla. 2d DCA Feb. 27, 2008) (rejecting proposition that Spera should be applied retroactively); Landeverde v. State, 989 So.2d 654 (Fla. 4th DCA 2008) (same reasoning). The Spera issue was preserved only as to Ground Eight in Appellant's initial brief. See Watson, 975 So.2d at 573.
In the final issue on appeal, Appellant asserts that the circuit court erred in summarily denying Ground Five as not a cognizable issue under rule 3.850 because it could and should have been raised on direct appeal. See Moore v. State, 768 So.2d 1140, 1141-42 (Fla. 1st DCA 2000). We find no error. This claim essentially alleged that it was error to allow into evidence an audiotape that could have confused the jury regarding Appellant's prior record. "Allegations of ineffective assistance cannot be used to circumvent the rule that post-conviction proceedings cannot serve as a second appeal." Medina v. State, 573 So.2d 293, 295 (Fla.1990); Cherry v. State, 659 So.2d 1069, 1072 (Fla.1995).
We AFFIRM the final order denying the motion for post-conviction relief in all respects, except for the denial of Ground Eight, which we are compelled to REVERSE AND REMAND to the circuit court pursuant to the requirements of Spera, to allow Appellant the opportunity to amend his facially insufficient eighth claim within a reasonable time period. See Sierra v. State, 33 Fla. L. Weekly D1574, ___ So.2d ___, 2008 WL 2403708 (Fla. 1st DCA June 16, 2008).
PADOVANO, J., concurs; WOLF, J., concurs and dissents with opinion.
WOLF, J., Concurring in Part and Dissenting in Part.
I would not extend the holding in Spera v. State, 971 So.2d 754 (Fla.2007) (requiring the court to give a defendant an opportunity to amend a deficient rule 3.850 order), to situations where a defendant is granted an evidentiary hearing as to certain issues and fails to apprise the trial court that he wishes an opportunity to amend his motion regarding the remaining, summarily dismissed, issues.[1]
In this case, the order summarily dismissing Ground Eight was filed on November 6, 2006. This order specifically indicated that Ground Eight was insufficient for failing to allege how the introduction of the evidence was prejudicial to the defendant's case and why the evidence should have been excluded. An order granting an evidentiary hearing on other issues was filed on March 28, 2007. An evidentiary hearing was held on April 30, 2007. The order denying the motion for post conviction relief was filed on May 15, 2007. In the almost 6 months between the order indicating deficiencies in Ground Eight of defendant's 3.850 motion and the evidentiary hearing, the defendant filed several pleadings and papers but never requested leave to amend Ground Eight of the 3.850 motion. Under these circumstances, any entitlement to amend the motion should be considered waived.
NOTES
[1] I would also note that the State's response indicated that an amendment to Ground Eight would be fruitless based on a video that was introduced at trial. If said video had been contained in the record or referenced in the trial court's order, the issue of allowing an amendment pursuant to Spera would probably not even exist.