WETHERELL, J.
 

 Appellant seeks review of the trial court’s denial of his rule 3.850 motion, which raised 20 claims of ineffective assistance of counsel. The trial court summarily denied nine of the claims, and denied the remaining 11 claims after an evidentia-ry hearing. On appeal, Appellant only challenges the trial court’s rulings on four of the summarily denied claims (1, 2, 3, and 18) and five of the claims denied after an evidentiary hearing (6, 9, 10, 14, and 20). We affirm the trial court’s denial of claims 6, 9, 10, 14, and 20, without discussion, and for the reasons that follow, we also affirm the trial court’s denial of the other claims.
 

 The state’s answer brief did not respond to the argument in Appellant’s initial brief concerning the summarily denied claims. In response to our order to show cause pursuant to
 
 Toler v. State,
 
 493 So.2d 489 (Fla. 1st DCA 1986),
 
 [1]
 
 the state conceded
 
 *1253
 
 error as to the trial court’s failure to attach portions of the record refuting claims 1, 2, and 3, but the state argued that the summary denial of claim 18 should be affirmed because the Spera
 
 [2]
 
 issue raised by Appellant with respect to that claim was not properly preserved.
 

 We decline to accept the state’s concession of error with respect to claims 1, 2, and 3, because we conclude that claim 2 is legally insufficient on its face and claims 1 and 3 are refuted by the record attached to the final order. With respect to claim 18, we agree with the state that
 
 Spera
 
 does not require reversal under the circumstances of this case.
 

 In claim 18, Appellant alleges that his trial counsel was ineffective for failing to call a particular witness. The trial court found the claim to be facially insufficient because it “does not provide, specifically, what the witness would have testified, and how this testimony would have changed the outcome of the trial.” Appellant does not argue on appeal that the claim was facially sufficient (and we agree with the trial court that it was not,
 
 see Nelson v. State,
 
 875 So.2d 579, 582-83 (Fla.2004)); rather, Appellant argues that under
 
 Spera,
 
 he should have been given an opportunity to amend the claim.
 

 In
 
 Spera,
 
 the supreme court explained that “the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend [a facially deficient post-conviction] motion” and the court held that “the proper procedure is to strike the motion with leave to amend within a reasonable period.” 971 So.2d at 761. Here, the trial court did not affirmatively provide Appellant leave to amend the claim, but under the circumstances of this case, we conclude that the trial court’s failure to do so was not an abuse of discretion.
 

 Appellant filed his rule 3.850 motion
 
 pro se
 
 in July 2005. The trial court’s order summarily denying some of the claims in the motion, including claim 18, was issued in September 2005. The state reported to the trial court in October 2005 that an evidentiary hearing would be required on the remaining claims, and Appellant thereafter retained counsel to represent him at the hearing. The hearing was originally scheduled for November 29, 2005, but it was continued numerous times at the request of the parties.
 

 In March 2007, Appellant, through counsel, filed a motion to amend and supplement the original rule 3.850 motion. The motion did not mention
 
 Spera
 
 (as the decision had not yet been issued) or claim 18 specifically, but it did seek to “enlarge[] issues already pled” and to “organize the claims and delineate the claims more clearly.” The trial court asked Appellant’s counsel about the motion to amend at the outset of the evidentiary hearing on April 12, 2007. Appellant’s counsel did not seek a ruling on the motion and essentially acknowledged that the motion had been abandoned by stating “[w]e never submit
 
 *1254
 
 ted any memorandum or supplement so that the motion was never set for hearing, was never acted upon after the filing of it.” The evidentiary hearing was not completed until February 4, 2008, and Appellant’s counsel did not renew the motion to amend or otherwise seek leave to amend claim 18 (or any other aspect of the original rule 3.850 motion) while this matter was pending before the trial court.
 

 In
 
 Watson v. State,
 
 975 So.2d 572 (Fla. 1st DCA 2008), we held that a defendant who fails to address the applicability of
 
 S-pera
 
 in his appellate brief waives the issue. Likewise, in this case, we conclude that a defendant who files, but then abandons, a motion to amend his post-conviction motion to more clearly delineate the claims raised therein has waived any claim he may have under
 
 Spera.
 
 We need not consider in this case, and therefore leave for another day the issue of whether the defendant is required to ask the trial court for leave to amend his post-conviction motion in order to preserve the
 
 Spera
 
 issue for review.
 
 Cf. Rodriquez v. State,
 
 998 So.2d 152, 154 (Fla. 1st DCA 2008) (Wolf, J., concurring in part and dissenting in part);
 
 Watson,
 
 975 So.2d at 574-75 (Wolf, J., concurring).
 

 Our holding in this case is consistent with our decision in
 
 Nelson v. State,
 
 977 So.2d 710 (Fla. 1st DCA 2008), which included a detailed discussion of
 
 Spera.
 
 In that case, we stated that
 
 Spera
 
 does not require the trial court to provide more than one opportunity to amend an insufficient claim,
 
 id.
 
 at 711, and we reversed the trial court’s summary denial of the appellant’s ineffective assistance of counsel claim because “it is unclear whether the trial court allowed Appellant leave to amend [the] insufficient claim.”
 
 Id.
 
 at 712. Here, the record reflects that Appellant had the opportunity to amend his post-conviction motion, which he abandoned. Under these circumstances, Appellant is not entitled to another opportunity to amend claim 18 under
 
 Spera.
 

 AFFIRMED.
 

 HAWKES, C.J., and WOLF, J., concur.
 

 [1]
 

 . Although
 
 Toler
 
 involved only summarily denied claims, we have previously issued
 
 “Toler
 
 orders” in cases, such as this, involving both summarily denied claims and claims denied after an evidentiary hearing.
 
 See, e.g., Bentley v. State,
 
 867 So.2d 515 (Fla. 1st DCA 2004). The policy rationale for issuing
 
 Toler
 
 orders is stronger in cases involving only summarily denied claims than it is in cases such as this because the state is not required to file a brief in cases involving only summarily denied claims whereas briefing is required in cases that also involve claims denied after an evi-dentiary hearing.
 
 Compare
 
 Fla. R.App. P.
 
 *1253
 
 9.141(b)(2)(C) ("No briefs or oral argument shall be required
 
 with
 
 Fla. R.App. P. 9.141(b)(3)(C) (establishing deadline for the initial brief and providing that "[a]dditional briefs shall be served as prescribed by rule 9.210”). The effect of issuing a
 
 Toler
 
 order in cases such as this is to give the state a second opportunity to respond to the summarily denied claims after briefing has ended. Not only is this unfair, but it causes unnecessary delay in the processing of these types of appeals. Therefore, in future cases under rule 9.141(b)(3) which also involve summarily denied claims, we strongly encourage the state to address the summarily denied claims in its answer brief in the event that we choose not to issue a
 
 Toler
 
 order prior to rendering our decision.
 

 [2]
 

 .
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007).