LaROSE, Judge:
In January 2005, Eugene Gregory Walton was convicted and sentenced for burglary of a dwelling with assault and false imprisonment. We affirmed his convictions and sentences on direct appeal. Walton v. State, 928 So.2d 350 (Fla. 2d DCA 2006) (table decision). Mr. Walton now appeals the denial of his August 9, 2006, amended postconviction motion. See Fla. R. Crim. P. 3.850. He raised twenty-four claims. By order dated June 11, 2007, the postconviction court allowed Mr. Walton to amend claim one. It ordered a State response to claims ten, twelve, thirteen, and twenty-four. In the same order, the postconviction court denied the remaining claims as refuted by the record, procedurally barred, or either facially insufficient or eonclusory. After receiving Mr. Walton’s amended claim one and the State’s response, the postconviction court, by order dated September 11, 2007, ordered an evidentiary hearing on claims one and ten. It denied claims twelve and thirteen as refuted by the record and denied *888 claim twenty-four as facially insufficient. By final order dated March 20, 2008, the postconviction court denied claims one and ten after conducting an evidentiary hearing.
We affirm, without further discussion, the denial of claims one and ten, the summary denial of claims four and eleven through seventeen as refuted by the record, and the summary denial of claims eighteen through twenty-three as procedurally barred.
We also affirm the summary denial of claims two, three, five, six, seven, eight, nine, and twenty-four as facially insufficient or conclusory. In the past, we may have been inclined to reverse and remand for the postconviction claimant to amend facially insufficient or conclusory claims. See Spera v. State, 971 So.2d 754, 761-62 (Fla.2007);[1] Jimenez v. State, 993 So.2d 553, 556 (Fla. 2d DCA 2008) (applying Spera to claims that allege merely conclusory allegations as well as to claims that are facially insufficient). However, on the record before us, Mr. Walton is entitled to no such opportunity.
Shortly after his direct appeal failed, Mr. Walton filed his amended rule 3.850 motion. In July 2007, he amended claim one. Spera issued in November 2007. Until the postconviction court’s final order in March 2008, Mr. Walton had several months to seek leave to amend the facially insufficient or conclusory claims. He did not do so. Nor did he raise any issue about those claims in his brief.[2] He focused, instead, on claims that were denied as procedurally barred or refuted by the record. We see no reason to extend Spera relief to a postconviction claimant who fails to properly raise the issue with us. See Watson v. State, 975 So.2d 572 (Fla. 1st DCA) (holding that when a defendant has appealed from a summary denial of a claim but fails to address Spera in his brief, appellate court need not consider the matter because the issue is waived), cause dismissed, 987 So.2d 1211 (Fla.2008) (table decision); see also Williams v. State, 24 So.3d 1252 (Fla. 1st DCA 2009).
Although we agree with Watson’s result, we do not accept its entire reasoning. Watson relies principally on death penalty postconviction cases where an attorney represented the petitioners and waived certain claims. Mr. Walton is pro se. But we believe that a pro se postcon-viction claimant can, by failing to raise such issues in his brief, waive a Spera claim. See Watson, 975 So.2d at 574-75 (Wolf, J., concurring). Other courts have reached the same result. See Ward v. State, 19 So.3d 1060, 1061 (Fla. 5th DCA 2009); cf. Hammond v. State, 34 So.3d 58 (Fla. 4th DCA 2010); Austin v. State, 968 So.2d 1049 (Fla. 5th DCA 2007); see also Prince v. State, 40 So.3d 11, 13 (Fla. 4th DCA 2010) (reiterating that a pro se appellant who presents no argument as to why a trial court’s ruling is incorrect on an issue has abandoned the issue).
Affirmed.
*889 DAVIS,[3] J., Concurs.
KELLY, J., Concurs in result only.

. The postconviction court did not have the benefit of Spera, which issued after its first two orders. However, Spera applies to cases in which an appeal is pending once it issued. Rodriguez v. State, 993 So.2d 152, 153 (Fla. 1st DCA 2008).

. The State filed an answer brief but did not argue that Mr. Walton had waived review of his other claims. See Bilotti v. State, 27 So.3d 798 (Fla. 2d DCA 2010) (finding a waiver of claims where (1) counsel's appellate brief asserted no error as to the denial of some rule 3.850 grounds, (2) the State, in its answer brief, argued that any error in the postconviction court’s rulings on those grounds was waived because it was not challenged on appeal, and (3) no reply brief or request to file a supplemental brief was filed to address the State’s argument).