HAWKES, J.
 

 Craig B. Daniels appeals a circuit court order denying his third and fourth amended motions for posteonviction relief under Florida Rule of Criminal Procedure 3.850. The order also denied his motion to voluntarily dismiss the third amended postcon-viction motion without prejudice. Daniels argues the court erred in denying the third amended postconviction motion without first ruling upon the motion to dismiss. He claims the court was obligated to grant the motion to dismiss without prejudice, as he brought the motion before the trial court ruled on the underlying postconviction claims and the State would suffer no prejudice by a dismissal. We disagree.
 

 Defendant supports his argument with caselaw which preceded the Supreme Court’s decision in
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007). Prior to
 
 Spera,
 
 cases consistently held that the trial court was required to grant a defendant’s motion to dismiss a postconviction claim without prejudice, so long as it was filed before the court ruled on the underlying claim and dismissal would not cause prejudice to the State.
 
 See Hutchinson v. State,
 
 921 So.2d 780, 781 (Fla. 1st DCA 2006);
 
 Hansen v. State,
 
 816 So.2d 808, 809 (Fla. 1st DCA 2002);
 
 see also Clark v. State,
 
 491 So.2d 545, 546 (Fla.1986);
 
 Carvalleria v. State,
 
 675 So.2d 251 (Fla. 3d DCA 1996);
 
 Washington v. State,
 
 937 So.2d 271, 272 (Fla. 4th DCA 2006).
 

 However, the process for evaluating postconviction motions changed with
 
 Spera. Spera
 
 held that when a trial court summarily denies a defendant’s motion for postconviction relief for failure to meet pleading requirements, it must give the defendant the opportunity to amend the motion.
 
 See Spera,
 
 971 So.2d at 761;
 
 see also Wilson v. State,
 
 13 So.3d 83, 85 (Fla. 2d DCA 2009);
 
 Watson v. State,
 
 975 So.2d 572, 573 (Fla. 1st DCA 2008). This does not mean postconviction defendants have unlimited opportunities to amend a facially insufficient motion.
 
 Spera
 
 requires only that courts give defendants one opportunity to amend.
 
 See Oquendo v. State,
 
 2 So.3d 1001, 1006 (Fla. 4th DCA 2008);
 
 Prevost v. State,
 
 972 So.2d 274, 275 (Fla. 1st DCA 2008). After this one opportunity is given, courts are not required to give additional chances.
 
 See Nelson v. State,
 
 977 So.2d 710, 711 (Fla. 1st DCA 2008) (stating “[although a trial court in its discretion may grant more than one opportunity to amend an insufficient claim,
 
 Spera
 
 does not mandate repeated opportunities”).
 

 In light of
 
 Spera,
 
 it seems there are certain circumstances where a trial court is
 
 *330
 
 still required to grant a postconviction defendant’s motion to dismiss without prejudice, and certain circumstances where it can exercise discretion regarding such motions. For example, if a defendant moves to dismiss a postconviction motion without prejudice before a trial court has issued a ruling—meaning before the court has evaluated the underlying motion for legal sufficiency—the motion should be granted, so long as it is not prejudicial to the State. This aligns with the
 
 pre-Spera
 
 cases stating a trial court should grant a defendant’s motion to dismiss without prejudice unless it has ruled upon the underlying postcon-viction claims.
 

 However, the situation changes once the defendant is given the opportunity to amend.
 
 Spera
 
 requires only one opportunity to amend. Therefore, if the defendant has already had that chance, a court should not be obligated to extend yet another opportunity by granting a subsequent motion to dismiss without prejudice. Otherwise, a defendant could attempt to circumvent
 
 Spera
 
 by following each amended postconviction motion with a motion to dismiss without prejudice, thereby prolonging the postconviction process.
 

 In short, when a postconviction defendant moves to dismiss his motion without prejudice, the trial court must determine whether a previous order gave the defendant an opportunity to amend pursuant to
 
 Spera.
 
 If no such order was issued, the motion to dismiss should be granted unless it will cause prejudice to the State. However, if such an order was issued, the disposition of the motion to dismiss should be-left to the trial court’s discretion and the court is not required to grant it.
 
 [1]
 

 Turning to the instant case, the trial court gave Daniels at least two opportunities to amend his postconviction motion under
 
 Spera
 
 before he brought the instant motion to dismiss without prejudice. In orders dated February 27, 2008, and June 18, 2008, the trial court gave Daniels the chance to address the facial deficiencies in his postconviction motion. Daniels, in turn, amended his postconviction claims several times; in fact, the instant motion to dismiss concerns the third amended postconviction motion and indicates Daniels’ intent to file a fourth amended motion.
 

 Since the trial court gave Daniels ample opportunity to amend his postconviction claim, it was not obligated to grant the motion to dismiss without prejudice. It properly determined that to do so would be an abuse of the postconviction process. This determination is AFFIRMED.
 

 VAN NORTWICK and PADOVANO, JJ., concur.
 

 [1]
 

 . This reasoning is consistent with how we have treated motions to dismiss postconviction claims following
 
 Spera.
 
 Since then, the only case from this District dealing with a motion to voluntarily dismiss a postconviction claim has been
 
 Davis v. State,
 
 28 So.3d 168 (Fla. 1st DCA 2010).
 
 Davis
 
 does not indicate whether the defendant was given an opportunity to amend under
 
 Spera.
 
 It states only that the defendant filed a motion for voluntary dismissal prior to the denial of his postconviction motion on the merits.
 
 Id.
 
 at 169. Under such circumstances, the motion to dismiss should have been granted without prejudice, which is what this Court found.
 
 Id.