ALTENBERND, Judge.
Reginald A. McCray appeals the order dismissing his petition for writ of habeas corpus with prejudice. We reverse the order to the extent that the dismissal was with prejudice.
The State charged Mr. McCray with several offenses that were committed in December 2008. He was convicted of the offenses and received sentences, the longest of which is a life sentence. We affirmed his judgments and sentences in 2011, issuing our mandate on March 31, 2011.
Mr. McCray filed his petition for writ of habeas corpus in August 2011. This petition appears to be his first postconviction proceeding. Depending on the contents of this petition, the trial court should have either treated it as a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 or dismissed it without prejudice to file such a motion. See Barnes v. Crosby, 909 So.2d 534 (Fla. 2d DCA 2005) (explaining that a petition for writ of habeas corpus is not a substitute for a proper post-conviction motion); Houghtaling v. State, 670 So.2d 1019 (Fla. 2d DCA 1996) (explaining that a petition for writ of habeas corpus that satisfies the requirements of rule 3.850 should be treated as such). The trial court did neither. After the petition had been pending for six months without an order from the trial court, on March 1, 2012, Mr. McCray filed a motion for voluntary dismissal. The trial court granted this motion on March 21, but it did so “with prejudice.”
The trial court provided no explanation for its decision to dismiss the motion on the merits. A typical postconviction motion should not be dismissed with prejudice when the defendant volunteers to dismiss it unless there is prejudice to the State or some justification for resolving the motion on the merits. See Hutchinson v. State, 921 So.2d 780, 781 (Fla. 1st DCA 2006); Hansen v. State, 816 So.2d 808, 809 (Fla. 1st DCA 2002). We conclude that this variety of premature petition for writ of habeas corpus, which is actually an attempt at typical postconviction relief, should be resolved in the same manner. From the record, there is no indication that Mr. McCray had done anything that might have prejudiced the State in this *1202 proceeding. Under rule 3.850, he has until March 31, 2013, to file a timely motion. Accordingly, the trial court erred when it dismissed the petition with prejudice.
This case is distinguishable from Daniels v. State, 66 So.3d 328 (Fla. 1st DCA 2011), review granted, 83 So.3d 706 (Fla.2012), dismissed as improvidently granted, 103 So.3d 133 (Fla.2012), which involved a defendant’s attempt to voluntarily dismiss his third amended postconviction motion. Daniels held that when a trial court has already issued an order giving the defendant an opportunity to amend a postconviction motion, it has discretion to grant or deny a motion to voluntarily dismiss the amended motion. Thus, we do not decide whether we would follow the precedent of Daniels in an appropriate case.
Reversed and remanded.
KHOUZAM and MORRIS, JJ., Concur.