IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

**TYWANN OCTAVIOUS
CARTER,**

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

CASE NO. 1D15-0860

v.

**STATE OF FLORIDA,**

Appellee.

_____/

Opinion filed July 18, 2016.

An appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, III, Judge.

Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant asserts several challenges to his convictions and sentences of life in prison for second-degree murder and a consecutive 20-year sentence for attempted second-degree murder with a firearm. Appellant was sixteen years old at the time of committing these offenses. They occurred in a single criminal episode

involving multiple victims and multiple discharges of firearms, thus triggering the 10-20-Life statute in section 775.087(2)(d), Florida Statutes. We have carefully considered all of Appellant's arguments and affirm his convictions without further comment, but two recent decisions from the Florida Supreme Court require us to reverse Appellant's sentences and remand for resentencing.

With respect to Appellant's young age at the time of committing these offenses, the Florida Supreme Court has very recently extended Miller v. Alabama, 132 S. Ct. 2455 (2012), to apply to non-mandatory life sentences for juveniles as well as to mandatory life sentences for juveniles. Landrum v. State, 41 Fla. L. Weekly S274, 2016 WL 3191099, at *1-2, *10 (Fla. June 9, 2016). The court in Landrum further held that the sentencing court must conduct a hearing and must consider "youth and its attendant characteristics" as set forth in Miller, 132 S. Ct. at 2460; and that resentencing must occur "in conformance with sections 775.082, 921.1401, and 921.1402 of the Florida Statutes [2014]." Landrum, 2016 WL 3191099 at *2. We therefore reverse Appellant's life sentence and remand for resentencing in accordance with Landrum.

With respect to whether Appellant's sentences for his two convictions could be imposed consecutively, the trial court here believed that under earlier precedent it was required to impose consecutive sentences. Under Williams v. State, 186 So. 3d 989 (Fla. 2016), however, the trial court had discretion to impose either

concurrent or consecutive sentences. 186 So. 3d at 993. On remand, the trial court shall determine whether Appellant's sentences should be consecutive or concurrent, consistent with Williams.

AFFIRMED in part; REVERSED and REMANDED in part.

WOLF, WETHERELL, and KELSEY, JJ., CONCUR.