IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FREDDIE L. WADE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D16-0389

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed October 7, 2016.

An appeal from an order of the Circuit Court for Duval County.
Mark Borello, Judge.

Freddie L. Wade, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

    Appellant Freddie L. Wade was a juvenile when he committed second-degree murder. Following a jury trial the court sentenced him to life, with life as a

minimum-mandatory sentence due to discharge of the firearm causing death. Thereafter Appellant filed a timely rule 3.850 motion challenging this sentence as unconstitutional due to the trial court failing to consider his juvenile status when imposing the sentence. He also raises three claims of ineffective assistance of trial counsel.

We reverse the appeal as to the claim asserting unconstitutionality of the life sentence and remand for the trial court to resentence Appellant pursuant to the individualized factors under section 921.1401, Florida Statutes, which must be considered when sentencing a juvenile, as explained in Landrum v. State, 192 So. 3d 459 (Fla. 2016). See also Carter v. State, 2016 WL 3883509 (Fla. 1st DCA July 18, 2016). As the appellant filed an initial brief but failed to address any of the remaining claims, he has waived the right to have them considered in this appeal. See Watson v. State, 975 So. 2d 572, 573 (Fla. 1st DCA 2008) ("Traditionally, when a defendant submits a brief in an appeal from a summary denial of a postconviction motion, this Court may review only those arguments raised and fully addressed in the brief.").

AFFIRMED in part; REVERSED and REMANDED in part.

LEWIS, BILBREY, and WINOKUR, JJ., CONCUR.