# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5091

_____

JEREMIAH SAMUEL CUOMO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

October 15, 2018

WINOKUR, J.

Jeremiah Cuomo was convicted of aggravated battery and shooting into an occupied dwelling. Cuomo appealed, arguing that the trial court erred in denying his motion to suppress incriminating statements made to his mother in jail during a conversation secretly recorded by the police. We affirmed, finding no improper police conduct or reasonable subjective expectation of privacy in this conversation. *Cuomo v. State*, 98 So. 3d 1275, 1281-82 (Fla. 1st DCA 2012). Cuomo filed a postconviction motion arguing, *inter alia*, that his trial counsel was ineffective for not presenting his mother as a witness at the suppression hearing.

The trial court summarily denied this ground, Cuomo now appeals, and we reverse for an evidentiary hearing.[1]

I.

At his suppression hearing, Cuomo testified that he invoked his right to remain silent and right to counsel, and was held until he was informed that his mother came to see him. Cuomo stated that he was led to believe the conversation would be private, but was not explicitly told so. Testifying officers denied telling Cuomo or his mother that their conversation would be private, and stated that Cuomo's mother initiated the conversation by requesting a visit. In denying the motion to suppress, the trial court stated that who initiated the visit was important, it had "not heard from [Cuomo's] mother," the only evidence was that the mother came to the jail and requested visitation, and concluded that there was no evidence of improper police conduct. Our affirmance was based in part on the facts that the police "scrupulously respected" Cuomo's rights and did not orchestrate the recorded conversation, but "simply accommodated the mother's request to visit [Cuomo]." *Id.* at 1281 (distinguishing this case from the improper police conduct apparent in *State v. Calhoun*, 479 So. 2d 241, 243 (Fla. 4th DCA 1985)).

In Cuomo's postconviction motion, he asserted that his mother would have testified that the police initiated the visit by offering her the opportunity to visit Cuomo without her asking, and that the police specifically told her that the visit would be private. Because this claim is not legally insufficient or conclusively refuted by the record, Cuomo is entitled to an evidentiary hearing.[2] *See Franqui v. State*, 59 So. 3d 82, 95–96 (Fla. 2011).

---

[1] We affirm the trial court's denial as to Cuomo's arguments that his trial counsel was ineffective for misadvising him as to his maximum sentence, failing to strike a biased juror, failing to move for a mistrial during the State's cross-examination of Cuomo, and for cumulative error.

[2] Cuomo also asserted that he overheard a police officer tell his mother that the conversation would be private, but this is

## II.

It should be noted that Cuomo also appealed the denial of a different postconviction claim, which was denied after an evidentiary hearing, as well as the claim involving his mother, which the trial court denied with no evidentiary hearing. Regarding Cuomo's appeal of this summarily-denied claim, the State indicated in its answer brief that it did not "intend to file an answer brief on this issue, unless directed by this Court pursuant to Rule 9.141(b)(2)(C)." This constitutes a misreading of Florida Rule of Appellate Procedure 9.141(b)(2), and does not set forth an adequate reason to refuse to brief this issue.

Before 2014, Rule 9.141(b)(2) was entitled "Summary Grant or Denial of Motion Without Evidentiary Hearing." Fla. R. App. P. 9.141(b)(2) (2013). This rule set forth special appellate rules, which provided for a limited record and limited briefing, and applied whenever the trial court denied the *motion* without *any* evidentiary hearing. If the trial court held an evidentiary hearing, this rule did not apply, even if the defendant was appealing the denial of a claim for which the court did not hold an evidentiary hearing. *See Williams v. State*, 24 So. 3d 1252, 1252 n.1 (Fla. 1st DCA 2009). Instead, Rule 9.141(b)(3) (entitled "Grant or Denial of Motion after Evidentiary Hearing"), which contains essentially routine appellate rules regarding the record and briefing, applied to appeals of such mixed petitions. *Id.*

This rule was made even clearer in 2014, when the Supreme Court amended the title of Rule 9.141(b)(2) to read "Summary Grant or Denial of *All Claims Raised in a* Motion Without Evidentiary Hearing." Fla. R. App. P. 9.141(b)(2) (2014) (emphasis supplied). *See In re Amendments to Fla. Rules of Appellate Procedure*, 183 So. 3d 245, 255 (Fla. 2014). It is now

conclusively refuted by the record of the suppression hearing where Cuomo detailed every reason he believed the conversation would be private, and omitted this statement.

3

beyond dispute that Rule 9.141(b)(2) applies *only* when the trial court holds no evidentiary hearing at all.[3]

In short, the issue regarding the summarily-denied claim here is not governed by Rule 9.141(b)(2), including its provision that the appellee need not file a brief unless directed by this Court. Instead, the issue here is governed by Rule 9.141(b)(3), which requires an answer brief "as prescribed by rule 9.210." Fla. R. App. P. 9.141(b)(3)(C). When a postconviction appeal falls under Rule 9.141(b)(3), the State's refusal to brief an issue regarding a summarily-denied claim constitutes a forfeiture of the State's right to respond to the appellant's brief.

AFFIRMED in part, REVERSED in part, and REMANDED for an evidentiary hearing.

RAY and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Robert Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.

_____

[3] The title of Rule 9.141(b)(3) was also amended to specify that it applies when a motion is denied "after an Evidentiary Hearing *was Held on One of More Claims*." *In re Amendments to Fla. Rules of Appellate Procedure*, 183 So. 3d at 255. This new title clarifies that it applies to an appeal of *any* claim after an evidentiary hearing is held, regardless of whether the court held an evidentiary hearing on the specific claim raised.

4