DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KAYAN EMMANUEL SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1166

[April 2, 2025]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 502015CF009126A.

Kayan Emmanuel Smith, Graceville, pro se.

James Uthmeier, Attorney General, Tallahasee, and Richard Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

*Affirmed.*

KUNTZ and ARTAU, JJ., concur.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I concur in the affirmance of the denial of appellant's motion for postconviction relief. I write to address a practice by the State of expressly refusing to address the merits of summarily denied claims in its answer brief when the appeal is brought pursuant to Florida Rule of Appellate Procedure 9.141(b)(3). Instead, we are told that the claim will not be addressed unless we direct the State to respond. This practice does not comport with the Florida Rules of Appellate Procedure.

The Florida Rules of Appellate Procedure differentiate between claims which have been summarily denied in their entirety and those on which an evidentiary hearing is held as to at least one claim. For claims entirely

disposed of summarily, rule 9.141(b)(2)(C)(i) provides that briefs are not required, although an appellant may file a brief.

As to appellee, the rule provides that "[t]he court may request a response from the appellee before ruling, regardless of whether the appellant filed an initial brief." Fla. R. App. P. 9.141(b)(2)(C)(ii). We followed this practice in *Davis v. State*, 660 So. 2d 1161 (Fla. 4th DCA 1995), which was an appeal of a summary denial of *all* postconviction claims.

Where an evidentiary hearing is held as to one or more claims, the process is different and governed by rule 9.141(b)(3), which provides for briefing typical of any direct appeal. *See* Fla. R. App. P. 9.141(b)(3)(C) ("Initial briefs must be served within 30 days of service of the record or its index. Additional briefs must be served as prescribed by rule 9.210.").

Thus, when an evidentiary hearing is held as to at least one claim, appellee has the duty to address all issues raised in the initial brief that appellee contests. Otherwise, the appellate court could view the failure to address an issue as a concession of error. *See, e.g., Anderson v. Ewing*, 768 So. 2d 1161, 1166 n.1 (Fla. 4th DCA 2000) ("Anderson as much as conceded this issue by failing to address it at all in his answer brief.").

I note that in *Cuomo v. State*, 257 So. 3d 584 (Fla. 1st DCA 2018), the First District interpreted the rules in the same manner as I have in this opinion, warning, "[w]hen a postconviction appeal falls under Rule 9.141(b)(3), the State's refusal to brief an issue regarding a summarily-denied claim constitutes a forfeiture of the State's right to respond to the appellant's brief." *Id.* at 586.

I completely agree with *Cuomo* and would caution the State in future appeals that it may forfeit its right to respond to a summarily denied claim in a rule 9.141(b)(3) appeal, if the State does not address the claim in its answer brief.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***