PER CURIAM.
This is an appeal by Abraham Thomas Oliva, from a judgment of conviction for conspiracy to sell cocaine, and sentence thereon to 5 years in the state penitentiary. Oliva has raised two points on appeal. No error is shown with respect to Oliva’s first contention, that he was denied his right to fully cross examine one of the State’s witnesses, a paid confidential informant. See Crespo v. State, 344 So.2d 598 (Fla. 3d DCA 1977); Oliva v. State, 346 So.2d 1066, 1068 (Fla. 3d DCA 1977).
The second point on appeal is that the trial court erred in failing to discharge Oliva after he was denied a speedy trial since he was not tried within the time speci *1265 fied in Rule 3.191, Fla.R.Crim.P. While the record reflects that a timely motion for discharge on speedy trial grounds was made, it fails to reflect that the motion was ever heard, considered or ruled on by the trial court. Generally, an appellate court must confine its review to questions which were before the trial court and upon which a ruling adverse to the appealing party was made. See Yost v. State, 243 So.2d 469, 471 (Fla. 3d DCA 1971). If we were to consider the question, however, no error is shown as Oliva’s argument is based on “tacking” procedures which do not apply under Florida law. See King v. State, 303 So.2d 389, 391 (Fla. 3d DCA 1974); State v. Kurtz, 354 So.2d 890 (Fla. 4th DCA 1978).
Affirmed.