OTT, Acting Chief Judge.
This appeal is from the summary denial of a motion seeking postconviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised several points in his motion which merit discussion. He first alleges that he was not tried within one hundred eighty days of his arrest, in violation of Florida Rule of Criminal Procedure 3.191. He also alleges he was denied effective assistance of counsel because his trial counsel did not raise this issue in the trial court. Appellant admits that the speedy trial issue was not raised on direct appeal.
Violation of rule 3.191 is a violation of a state procedural rule and does not go to the fundamental fairness of a trial. See Davis v. Wainwright, 547 F.2d 261 (5th Cir.1977). Violation of the speedy trial rule can be raised on direct appeal but only if it was first raised in the trial court. Oliva v. State, 354 So.2d 1264 (Fla. 3d DCA 1978). Because this error is not fundamental, and because it could have been raised on direct appeal, it is not proper to raise it under rule 3.850.
Appellant also alleges his trial counsel was ineffective because of the failure to move for discharge upon the expiration of the one-hundred-eighty-day period following his arrest. See Fla.R.Crim.P. 3.191(d)(1). Appellant’s factual allegations facially show that he was not brought to trial within one hundred eighty days. Therefore, appellant’s allegation of ineffective assistance of counsel meets the test recently established by the United States Supreme Court in Strickland v. Washington,-U.S.-, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); he has shown that counsel’s performance was deficient and that this deficient performance prejudiced appellant so as to deprive him of a fair trial.
The trial court did not conduct an eviden-tiary hearing. The order denying the motion recites that denial is “based upon the record and the affidavit filed by ... defendant’s attorney.” However, no portions of the record, nor counsel’s affidavit, are attached.
Accordingly, we reverse in part the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the ineffective assistance of counsel allegation and attach to its order those portions of the record which conclusively show appellant is not entitled to relief,- or hold an evidentiary hearing and then rule on the specified allegation. See Fla.R.Cr.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982). To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
The other points raised in appellant’s motion were correctly denied by the trial court.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
CAMPBELL and SCHOONOVER, JJ., concur.