837 So.2d 595 (2003)
Harold Joe DEXTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4032.
District Court of Appeal of Florida, Second District.
February 14, 2003.
*596 NORTHCUTT, Judge.
Harold Joe Dexter appeals the summary denial of his motion for postconviction relief. We affirm, but we write to address one claim. Dexter contends his trial counsel was ineffective in failing to seek dismissal of the charges against him upon the expiration of the speedy trial period. See Fla. R.Crim. P. 3.191(a). We affirm on this point because Dexter has not alleged prejudice, and therefore his claim is facially insufficient.
We acknowledge that under this court's decision in Williams v. State, 452 So.2d 657 (Fla. 2d DCA 1984), Dexter's claim would have been facially sufficient. However, when Williams was decided in 1984 a defendant who was not brought to trial before expiration of the speedy trial period was entitled to discharge. Several months after Williams, our Supreme Court amended the speedy trial rule. The Florida Bar re: Amendment to RulesCriminal Procedure, 462 So.2d 386 (Fla.1985). Under the version of the rule applicable to Dexter's case, the State may bring a defendant to trial within fifteen days after receiving notice that the speedy trial period has expired. See Fla. R.Crim. P. 3.191(p). Therefore, in order to show prejudice from counsel's failure to give notice that the speedy trial period has expired, a defendant would have to allege that the State could not have brought him to trial within the recapture period. Dexter has made no such allegation.
Accordingly, we affirm.
DAVIS and CANADY, JJ., Concur.