839 So.2d 849 (2003)
STATE of Florida, Appellant,
v.
Fred MANNING, Appellee.
No. 5D02-951.
District Court of Appeal of Florida, Fifth District.
March 7, 2003.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellee.
SHARP, W., J.
The trial court granted, in part, Manning's motion for post-conviction relief, vacated his 229 month (19+ years) habitual offender and prison releasee reoffender sentence and resentenced him to fifteen *850 years as a prison releasee reoffender. The state appeals, arguing the original 229 month habitual offender sentence should be reinstated with a fifteen year mandatory minimum attributed to Manning's prison releasee reoffender status. We agree.
Manning pled no contest to two criminal offenses: robbery in case No. CF97-2414 and manslaughter in Case No. CF97-2689. Both are second degree felonies punishable by up to fifteen years incarceration, unless the sentencing guidelines or some enhancement statute authorizes a greater sentence. §§ 812.13; 782.07; 775.082, Fla. Stat. Both sentences were to run concurrent with one another. Manning was declared to be an habitual offender and a prison releasee reoffender and sentenced to 229 months in prison in both capacities, in both cases. He appealed and his judgments and sentences were affirmed. See Manning v. State, 741 So.2d 509 (Fla. 5th DCA 1999).
Manning then filed his motion for post-conviction relief, asserting two grounds of ineffective assistance of counsel: (1) counsel should have objected and moved to withdraw his plea because he did not agree to a prison releasee reoffender sentence; and (2) he was coerced by defense counsel at the sentencing hearing into not withdrawing his plea by being told he could get consecutive prison sentences if he went to trial.
Before addressing the merits of Manning's motion, the trial court determined that dual sentences under the habitual offender and prison releasee reoffender statutes were prohibited, relying on Lewis v. State, 751 So.2d 106 (Fla. 5th DCA 1999). The court ruled Manning was entitled to have the prison releasee reoffender conditions of his sentences struck and only the habitual offender sentences imposed.
Since the court determined Manning was entitled to have the prison releasee reoffender sentences vacated, the court did not address the first ground of Manning's motion for post-conviction relief  that counsel should have objected and moved to withdraw his plea because he did not agree to a prison releasee reoffender sentence. The court found no merit to the second ground, the claim that Manning was coerced by defense counsel into not withdrawing his plea, and attached the portion of the transcript of the sentencing hearing which conclusively refutes this claim.
Although Manning's motion for post-conviction relief and the order on post-conviction relief referred to both case numbers, the re-sentencing hearing referenced only the manslaughter case. At this hearing, the state pointed out that Manning had been sentenced to 229 months, which exceeded the guidelines and the fifteen year prison releasee reoffender sentence. The state argued the fifteen year prison releasee reoffender sentence would simply act as a "floor" and so the court could sentence Manning to both the habitual offender and prison releasee reoffender sentences. The court believed Manning could not be designated as both an habitual felon and a prison releasee reoffender and that it had no discretion not to sentence a defendant as a prison releasee reoffender if the state so requests. Since the state had requested prison releasee reoffender status, the court re-sentenced Manning solely to a 15-year term as a prison releasee reoffender.
In Grant v. State, 770 So.2d 655 (Fla. 2000), the Florida Supreme Court held that concurrent sentences as a prison releasee reoffender and as an habitual felony offender for the same offense do not violate double jeopardy principles. However, unless the habitual felony offender sentence is greater than the prison releasee offender sentence, section 775.082(8)(c) prevents such a dual sentencing scheme.
*851 In Kimbrough v. State, 776 So.2d 1055 (Fla. 5th DCA 2001), this court held that pursuant to Grant, a defendant can receive a prison releasee reoffender sentence and an habitual offender sentence for a single offense, so long as the habitual offender sentence results in a greater sentence. In such a case, the prison releasee reoffender sentence has the effect of a minimum mandatory condition of the defendant's sentence under the habitual offender act. Rather than vacating the habitual offender sentence in this case, the trial judge should have corrected the sentence to reflect that the 15 year prison releasee sentence acts as a minimum mandatory condition of Manning's 19+ year habitual offender sentence. Kimbrough. See also Williams v. State, 804 So.2d 572 (Fla. 5th DCA), cause dismissed, SC02-601 (Fla. Oct. 8, 2002).
Accordingly, we reverse and remand with instructions to reinstate Manning's 229 month habitual felony offender sentence and to reflect that the 15-year prison releasee reoffender sentence, shall run concurrently with the greater sentence. On remand, the court should make the same correction to the robbery case, if has not done so. Also on remand, the trial court should rule on the first ground of Manning's motion for post-conviction relief relating to both cases by either holding a hearing,[1] or attaching a part of the record to demonstrate his claim has no validity.
REVERSED and REMANDED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] See, e.g., Barnhill v. State, 828 So.2d 405 (Fla. 5th DCA 2002) (defendant was entitled to an evidentiary hearing where he alleged counsel did not inform him that reoffender sentencing required him to serve his entire sentence without the benefit of receiving gain time).