968 So.2d 1049 (2007)
Eugenia AUSTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2091.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
Eugenia Austin, Ocala, pro se.
No Appearance for Appellee.
PALMER, C.J.
Eugenia Austin (defendant) appeals the trial court's order denying her motion for post-conviction relief filed pursuant to Florida Rules of Criminal Procedure 3.850. We affirm.
The defendant has filed a brief claiming error by the trial court as to only *1050 two of the several claims set forth in her rule 3.850 motion. Accordingly, any contention that the trial court erred in denying the remaining claims has been abandoned. See Marshall v. State, 854 So.2d 1235 (Fla.2003). As to the remaining two claims, we find no error.
In that regard, the defendant first claims that her sentence as both a habitual offender and a Prison Releasee Reoffender (PRR) is illegal because the PRR sentence is greater than the habitual offender sentence. Specifically, the defendant argues that her sentence includes a 30-year PRR sentence and a consecutive 5-year habitual offender sentence. She is incorrect. The defendant's sentence is a single 35-year sentence as both a PRR and a habitual offender. The maximum PRR sentence on her conviction is 30 years. Therefore, the 35-year sentence represents the greater habitual offender sentence.[1] In State v. Manning, 839 So.2d 849 (Fla. 5th DCA 2003), this court held that courts may impose PRR and habitual offender sentence enhancements for a single offense so long as the habitual offender sentence results in a greater sentence. Because the defendant's habitual offender sentence is greater than the maximum PRR sentence, the sentence is not illegal.
The defendant also contends that her decision to proceed to trial was based on a promise made to her by her trial counsel that she would "get you off the aggravated battery charge, you'll only get five years." The defendant argues that her decision to go to trial was involuntary based on this promise. However, the defendant does not allege that a plea offer was ever made to her nor that her trial counsel advised her to reject the plea offer. As such, the defendant's allegation is insufficient to obtain relief.[2]
AFFIRMED.
PLEUS and TORPY, JJ., concur.
NOTES
[1] See § 775.082(9)(a)3-b, 775.082(9)(b) Fla. Stat. (2005).
[2] Because we find the defendant's allegations to be insufficient, we need not reach the issue on which the other district courts of appeal are currently split as to whether a trial counsel's assurance of a win at trial, standing alone, constitutes a facially sufficient claim of ineffective assistance of counsel if it leads to the defendant's rejection of a plea offer. See Gomez v. State, 832 So.2d 793 (Fla. 3d DCA 2002). Compare Morgan v. State, 941 So.2d 1198 (Fla. 4th DCA 2006), rev. granted, 956 So.2d 456 (Fla.2007); Dines v. State, 909 So.2d 521 (Fla. 2d DCA 2005), rev. dism., 954 So.2d 27 (Fla.2006); Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA 1997), rev. denied, 700 So.2d 685 (Fla.1997).