988 So.2d 693 (2008)
Anthony Jevon SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4588.
District Court of Appeal of Florida, Second District.
August 1, 2008.
Rehearing Denied August 22, 2008.
*694 Anthony Jevon Smith, pro se.
Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Anthony Jevon Smith challenges a final order that denied his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. In his post-conviction motion, Mr. Smith asserted eighteen grounds for relief based on ineffective assistance of counsel. The postconviction court summarily denied some of the grounds raised and denied others after an evidentiary hearing. We affirm without comment the postconviction court's denial of Mr. Smith's motion in all respects except for three of the claims.
In grounds four and five, Mr. Smith alleged that his trial counsel provided ineffective assistance because counsel did not invoke the speedy trial rule and did not file a notice of expiration of the speedy trial time period. But Mr. Smith failed to allege any prejudice resulting from his trial counsel's conduct. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In particular, Mr. Smith did not "allege that the State could not have brought him to trial within the recapture period." Dexter v. State, 837 So.2d 595, 596 (Fla. 2d DCA 2003). Consequently, the postconviction court summarily denied these two claims as legally insufficient. We agree that the claims were legally insufficient. However, in light of the recent opinion in Spera v. State, 971 So.2d 754 (Fla.2007), we reverse the summary denial of grounds four and five and remand with instructions to strike those claims with leave to amend within a specific period of time in accordance with Spera.
In what he identified as amendment three, Mr. Smith claimed that his trial counsel provided ineffective assistance because counsel did not (1) consult with Mr. Smith, (2) investigate and interview a witness, and (3) investigate allegedly stolen items. The postconviction court denied this claim as it relates to counsel's alleged failure to investigate and interview a witness, but it did not rule on the remaining portions of the claim. We find no error in the postconviction court's denial of Mr. Smith's motion as it relates to his claim that counsel did not investigate and interview a witness. Nevertheless, we remand this case to allow the postconviction court to address the remaining issues raised in amendment three that were not the subject of a ruling. See Calzada v. State, 934 So.2d 541, 542 (Fla. 3d DCA 2006).
Affirmed in part, reversed in part, and remanded with directions.
CASANUEVA and CANADY, JJ., Concur.