996 So.2d 946 (2008)
Samson Lee GAMBLE, a/k/a Nathan L. Erly, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-5895.
District Court of Appeal of Florida, Second District.
December 12, 2008.
SILBERMAN, Judge.
Samson Lee Gamble appeals an order that summarily denies his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of grounds I(a), II, and IV without discussion. We reverse the summary denial of grounds I(b) and III and remand for further proceedings on ground I(b) and for the postconviction court to give Gamble an opportunity to amend ground III pursuant to Spera v. State, 971 So.2d 754 (Fla.2007).
Gamble alleged in ground I(b)[1] that his counsel was ineffective in not filing a motion *947 for discharge based on Gamble's constitutional right to a speedy trial. Gamble asserted that he was arrested pursuant to a valid warrant on June 13, 2000, and that the State filed a valid information against him on August 16, 2000, for robbery with a weapon. Gamble also alleged that he had requested information about outstanding detainers from the Department of Corrections and that the Department provided him with a single case number, 00-1743. He stated that on April 14, 2003, he filed a pro se notice of expiration of speedy trial. He claimed that the State took no action to commence prosecution until May 2, 2003, apparently the date of his arraignment, and that the State requested no extensions of time or made any attempt to have Gamble waive his right to a speedy trial under the constitution or state rule. Gamble stated that the trial court denied his motion for discharge as to the robbery with a weapon case at issue here (case number 00-9928) because he had not included that case number on the notice of expiration. After a jury trial that took place September 29 through October 2, 2003, Gamble was convicted of robbery with a weapon and sentenced to life in prison.
In summarily denying ground I(b), the postconviction court determined that Gamble had failed to sufficiently allege prejudice. The court stated, "`[T]o show prejudice from counsel's failure to give notice that the speedy trial period has expired, a defendant [must] allege that the State could not have brought him to trial within the recapture period.' Dexter v. State, 837 So.2d 595, 596 (Fla. 2d DCA 2003)." We agree that the allegation regarding the recapture period is necessary in a claim for ineffective assistance of counsel regarding speedy trial under Florida Rule of Criminal Procedure 3.191. See Smith v. State, 988 So.2d 693, 694 (Fla. 2d DCA 2008). However, in ground I(b), it appears that Gamble was addressing his constitutional right to speedy trial, and the postconviction court did not address constitutional speedy trial.
Unlike the speedy trial rule, the constitutional speedy trial right "is measured in tests of reasonableness and prejudice, not specific numbers of days." State v. Naveira, 873 So.2d 300, 308 (Fla.2004) (quoting Blackstock v. Newman, 461 So.2d 1021, 1022 (Fla. 3d DCA 1985)). Because the trial court did not address the issue that Gamble raised, we reverse the denial of claim I(b) and remand for the postconviction court to address that claim of ineffective assistance of counsel in light of the factors applicable to determining whether a constitutional speedy trial violation has occurred. See Seymour v. State, 738 So.2d 984, 985 (Fla. 2d DCA 1999) (stating that the four factors pertinent to determining whether the defendant's constitutional right to speedy trial has been violated "are (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has timely asserted his rights; and (4) the existence of actual prejudice as a result of the delay"); Hallman v. State, 462 So.2d 120, 121 (Fla. 2d DCA 1985); Szembruch v. State, 910 So.2d 372, 375 (Fla. 5th DCA 2005); State v. Jenkins, 899 So.2d 1238, 1240 (Fla. 4th DCA 2005). If the postconviction court determines that the claim is facially insufficient, then the court should strike the claim with leave to amend within a reasonable time, in accordance with the dictates of Spera.
With respect to ground III, the postconviction court characterized the claim as *948 one of ineffective assistance of counsel for failure to communicate with Gamble. The court stated that Gamble was alleging ineffective assistance "for failure to request enough time to talk to Defendant in order to find out the essential facts." The court denied the claim, stating that failure to communicate is not a basis to establish ineffective assistance of counsel.
In reviewing Gamble's motion, we note that in ground III he stated that he had filed a notice of expiration of speedy trial and later moved for discharge. Gamble alleged that then, at his arraignment, counsel was appointed but did not talk to him, would not let him explain "why the case number had been omitted," and did not obtain "the essential facts that would have allowed him to advocate from a position of knowledge" as to speedy trial. Gamble also alleged that counsel was "unaware of defendant's Notice of Expiration and unprepared to argue discharge." Thus, ground III is not simply a claim based on a lack of communication with counsel. Rather, it appears to be an inartfully drafted claim for ineffective assistance regarding the speedy trial rule.
Gamble did not allege in ground III that the State could not have brought him to trial within the recapture period. As a result, the claim is facially insufficient. See Smith, 988 So.2d at 694; Dexter, 837 So.2d at 596. Under Spera, the postconviction court should have struck the motion as to ground III with leave to amend within a reasonable period of time. 971 So.2d at 761. This would allow Gamble the opportunity to allege, if he is able to do so in good faith, that the State could not bring him to trial within the recapture period and that his counsel provided ineffective assistance by failing to invoke the speedy trial rule and failing to file a notice of expiration of the speedy trial time period. See Smith, 988 So.2d at 694 (reversing summary denial of two grounds alleging ineffective assistance for failure to invoke the speedy trial rule and failure to file a notice of expiration of the speedy trial time period and remanding for the defendant to be given leave to amend to allege prejudice).
Therefore, we reverse the summary denial of ground I(b) and remand for the postconviction court to consider the claim as one of ineffective assistance of counsel for failure to file a motion for discharge based on Gamble's constitutional right to a speedy trial. We reverse the denial of ground III and remand for the postconviction court to strike the claim with leave to amend.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, C.J., and KELLY, J., Concur.
NOTES
[1] The postconviction court divided ground I of Gamble's postconviction motion into parts (a) and (b). For ease of reference, we use the same designations as used by the postconviction court.