39 So.3d 336 (2010)
Todd NORWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-2538.
District Court of Appeal of Florida, Second District.
May 7, 2010.
Rehearing Denied July 30, 2010.
Todd Norwood, pro se.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
FULMER, CAROLYN K., Senior Judge.
Todd Norwood appeals the order denying his motion for postconviction relief after an evidentiary hearing. We reverse the summary denial of ground one and remand for the postconviction court to strike the claim with leave to amend. In all other respects, we affirm the denial of the motion.
Norwood was charged with attempted first-degree murder but was found guilty of attempted manslaughter with a weapon and sentenced to fifteen years as a prison releasee reoffender. Norwood's postconviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, raised twelve grounds. In the postconviction court's order of August 28, 2007, the court summarily denied grounds one, two, three, four, five, seven, eight, nine, and eleven. The court ordered an evidentiary hearing for grounds six, ten, and twelve and denied those claims after a hearing, in an order entered on May 8, 2008.
*337 We agree with the postconviction court's reasons for denying grounds two, three, four, five, seven, eight, nine, and eleven as set forth in the court's order of August 28, 2007. We also conclude that grounds six, ten, and twelve were properly denied after the evidentiary hearing. However we reverse the summary denial of ground one and remand for the postconviction court to allow Norwood leave to amend this claim pursuant to Spera v. State, 971 So.2d 754 (Fla.2007).
In ground one, Norwood alleged ineffective assistance of counsel for counsel's failure to move for discharge based on a speedy trial violation. Norwood alleged, among other things, that his trial commenced on October 25, 2004, which was beyond the 175-day speedy trial time. He alleged that his counsel moved for a continuance on April 14, 2004, after he had been awaiting trial for 204 days. The postconviction court rejected this claim because Norwood failed to demonstrate prejudice in that he failed to allege that the State could not have brought him to trial within the ten-day recapture window once the speedy trial period had expired.
This court has previously remanded similar claims, pursuant to Spera, for the movant to be given the chance to amend if the movant could allege that the State could not have brought him to trial within the recapture period. See Smith v. State, 988 So.2d 693 (Fla. 2d DCA 2008); Gamble v. State, 996 So.2d 946 (Fla. 2d DCA 2008). Furthermore, this court considers all issues summarily denied by the circuit court irrespective of the fact that such issues have not been briefed. See Walton v. State, 975 So.3d ___ (Fla. 2d DCA 2010). Therefore, we reverse the summary denial of ground one and remand with instructions to strike the claim giving Norwood leave to amend within a specific period of time, in accordance with Spera, 971 So.2d at 761. We also certify conflict with Watson v. State, 975 So.2d 572 (Fla. 1st DCA), appeal dismissed, 987 So.2d 1211 (Fla.2008); Williams v. State, 24 So.3d 1252 (Fla. 1st DCA 2009); Ward v. State, 19 So.3d 1060 (Fla. 5th DCA 2009); and Austin v. State, 968 So.2d 1049 (Fla. 5th DCA 2007). And, as we did in Walton, we certify to the supreme court the following question of great public importance:
WHEN CONSIDERING A POSTCONVICTION APPEAL, UNDER RULE 9.141(b)(2)(D), MUST THE DISTRICT COURT OF APPEAL AFFORD REVIEW OF ALL SUMMARILY DENIED CLAIMS EVEN WHEN THE PRO SE APPELLANT, OR ONE REPRESENTED BY COUNSEL, HAS FILED A BRIEF BUT HAS NOT BRIEFED OR OTHERWISE FURTHER PURSUED CERTAIN CLAIMS?
Affirmed in part, reversed in part, remanded for further proceedings, conflict certified, and question certified.
LaROSE, J., Concurs.
KELLY, J., Concurs in part and dissents in part.
KELLY, Judge, Concurring in part and dissenting in part.
For the reasons stated in Walton v. State, ___ So.3d ___ (Fla. 2d DCA 2010), I dissent from the portion of the opinion reversing the summary denial of ground one.