PER CURIAM.
Anthony J. Lunardi appeals the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). After he was convicted of robbery with a weapon, Lunardi was sentenced to forty-five years’ imprisonment as an habitual felony offender and a prison releasee reoffender (PRR).[1] He then filed a rule 3.800(a) motion, contending that he was erroneously sentenced as both an habitual felony offender and a PRR. Although we conclude Lunardi is not entitled to relief, the sentencing documents are confusing and we remand for clarification.
Robbery with a weapon is a first-degree felony punishable by up to thirty years’ imprisonment. § 812.13(2)(b), Fla. Stat. (2008). Because Lunardi was properly classified as an habitual felony offender, the sentence was increased to a maximum of life. § 775.084(4)(a)1., Fla. Stat. (2008). Courts are free to impose PRR and habitual offender sentences for a single offense so long as the habitual offender sentence results in a greater sentence. Austin v. State, 968 So.2d 1049, 1050 (Fla. 5th DCA 2007). A PRR sentence serves as a minimum mandatory condition of a defendant’s sentence under the habitual offender laws. State v. Manning, 839 So.2d 849, 851 (Fla. 5th DCA 2003).
In this case, the sentencing documents do not clearly specify that Lunardi’s forty-five-year sentence is as an habitual offender, with the first thirty years being served as a PRR. Such confusion might cause the Department of Corrections to miscalculate Lunardi’s release date. As a result, although we affirm the denial of Lunardi’s motion to correct sentence, on remand, the trial court shall enter a corrected judgment as discussed.
AFFIRMED; REMANDED FOR CLARIFICATION.
SAWAYA, ORFINGER and COHEN, JJ., concur.

. Lunardi was also sentenced on two other counts, which are not relevant to this appeal.