WHATLEY, Judge.
 

 Warren Tensley challenges the order summarily denying his motion for postcon-viction relief. We affirm without comment the postconviction court’s denial of Tens-ley’s motion in all respects except one.
 

 In his memorandum of law in support of his amended motion for postconviction relief, Tensley argued that the record does not reveal a tactical reason for defense counsel to have allowed trial to occur after the 175-day speedy trial period expired.
 
 See
 
 Fla. R.Crim. P. 3.191(a). However, he failed to allege prejudice from trial counsel’s conduct by alleging “ ‘that the State could not have brought him to trial within the recapture period,’ ”
 
 Smith v. State,
 
 988 So.2d 693, 694 (Fla. 2d DCA 2008) (quoting
 
 Dexter v. State,
 
 837 So.2d 595, 596 (Fla. 2d DCA 2003)). Consequently, this ground is legally insufficient.
 
 Smith,
 
 988 So.2d at 694. Under such circumstances, pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007), this court remands “for the movant to be given the chance to amend if the movant
 
 *1044
 
 c[an] allege that the State could not have brought him to trial within the recapture period.”
 
 Norwood, v. State,
 
 39 So.3d 336, 337 (Fla. 2d DCA 2010). Therefore, we reverse the summary denial of the last ground addressed by the postconviction court in its order and remand with instructions to strike that claim with leave to amend within a specific period of time in accordance with
 
 Spera.
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND and NORTHCUTT, JJ., Concur.