ORDER STRIKING MOTION FOR CLARIFICATION WITH EXPLANATION
The Appellant, Bruce Cunningham, has filed a “motion for clarification” in this appellate proceeding. This proceeding was an appeal from the denial of a post-conviction motion. We affirmed the circuit court’s postconviction order in March 2008. We denied Mr. Cunningham’s request to recall mandate in June 2008. Our term of court for that period ended in July 2008. Accordingly, this court has no jurisdiction to consider this motion and we must strike this motion as unauthorized.
Although we strike this motion, the content of the motion concerned this court. As a result, we considered its content and have decided that it is appropriate for this court to comment on the issue. In a sense, Mr. Cunningham is asking this court to reverse the ruling of a federal judge in the Middle District of Florida. He claims that the federal court, at the urging of the Florida Department of Corrections, has reached an incorrect ruling on whether Mr. Cunningham exhausted his state court remedies in this court.
We have read the order entered by the federal court on January 27, 2011, in Cunningham v. Secretary, Department of Cor *794 rections, No. 8:08-cv-2213-T-26MAP (M.D.Fla. Jan. 27, 2011). Mr. Cunningham appears to accurately represent that the order denies some of his claims because his attorney in the appeal before this court did not appeal every ground in his postconviction motion. The order concludes that those claims are procedurally barred in federal court.
This court does not review federal orders in this context. We do, however, conclude that we have some responsibility to confirm the accuracy of Mr. Cunningham’s factual position on the issue of procedural default both for his benefit and for the benefit of any prisoner similarly situated. The federal court apparently was not aware that the policy of this court from at least December 2000 to October 2010 was different from the policies in other Florida district courts of appeal. See Corn v. McNeil, No. 3:08cv199/MCR/EMT, 2010 WL5811434, at *16 (N.D.Fla. Nov. 24, 2010); see also Norwood v. State, 39 So.3d 336 (Fla. 2d DCA 2010), withdrawn and superseded, 67 So.3d 270 (Fla. 2d DCA 2011).
Mr. Cunningham’s appeal concerned a postconviction motion where some grounds were summarily denied in a nonfinal order and the remaining grounds were later denied after an evidentiary hearing, which resulted in a final appealable order. Our records confirm that his attorney raised a single issue on appeal. Our records further confirm that, as was our standard procedure from at least December 2000 to October 2010, this court independently reviewed each and every issue that had been summarily denied.
Rule 9.141 provides express procedural rules for the handling of appeals from orders denying postconviction motions when the “motion” is denied without an evidentiary hearing. See Fla. R.App. P. 9.141(b)(2). It also provides rules for the handling of appeals from orders denying postconviction motions “after eviden-tiary hearing.” See Fla. RApp. P. 9.141(b)(3). These rules are written in terms of “motions” and do not expressly discuss what a court should do if some grounds within a motion are summarily denied and others are denied after an evi-dentiary hearing. In the above-described period, this court interpreted these rules to provide relief under rule 9.141(b)(2) for grounds summarily denied and to provide relief under rule 9.141(b)(3) for grounds denied after an evidentiary hearing. The effect of this interpretation was to require briefing under rule 9.141(b)(3)(C) only for grounds that were denied after an eviden-tiary hearing. Although this policy was not well publicized, it was known among the lawyers who handled these appeals. The attorney filing a brief on behalf of Mr. Cunningham in this court undoubtedly knew that she had no obligation to brief issues that had been summarily denied because those issues would automatically receive review under the process described in rule 9.141(b)(2).[1]
Our standard policy in this regard was discussed in Norwood, 39 So.3d at 337, which relied on an opinion issued in Walton v. State, 35 Fla. L. Weekly D856 (Fla. 2d DCA Apr.16, 2010). These opinions have been cited by Mr. Cunningham in his motion for clarification. However, after these opinions were issued, they were revised on rehearing. As a result, the version of the Walton opinion cited by Mr. Cunningham was never officially published. Instead, this court issued a revised *795 opinion. Walton v. State, 58 So.3d 887 (Fla. 2d DCA 2011). The original opinion in Todd Norwood’s ease' was withdrawn and superseded by a much shorter opinion in Norwood v. State, 67 So.3d 270 (Fla. 2d DCA 2011). Unlike the earlier Norwood opinion, the superseding opinion affirmed in whole without discussing this court’s prior practice of considering all issues that had been summarily denied by a circuit court irrespective of the fact that such issues had not been briefed. It is noteworthy that the Department of Corrections filed its response to Mr. Cunningham’s petition in the federal proceeding in 2009. The final order issued by the federal court in January 2011 was released after the original opinion in Norwood was issued and before it was superseded by the newer opinion.
By 2010, this court was aware that its interpretation of rule 9.141 conflicted with the interpretations of the other courts. In September 2010, this court, by a majority vote of its active judges, decided to align its policy with those of the other Florida district courts of appeal. Thus, we no longer determine our procedure based on how a ground in a motion is resolved. If any ground is resolved after an evidentiary hearing, we require the appellant to process the appeal under rule 9.141(b)(3) and not under rule 9.141(b)(2). Thus, this court no longer conducts an independent review in a situation similar to Mr. Cunningham’s, but he is factually correct that we did so in his case and in all similar cases between December 2000 and October 2010. This court affirmed on the merits all summarily denied claims in his postcon-viction proceeding.
ALTENBERND, NORTHCUTT, and CRENSHAW, JJ., Concur.

. Rule 9.141(b)(2) has always been controversial within the district courts of appeal. An automatic review without briefing from either side has a tendency to encourage the court’s staff attorneys to become advocates for one side or the other. By requiring briefing, rule 9.141(b)(3) may place a greater burden on unrepresented defendants, but it places the reviewing court in a clearer position of neutrality.