KELLY, Judge.
Renato R. Remak, Jr., appeals the post-conviction court order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm but write to explain our reasoning with regard to Mr. Remak’s claim that his trial counsel was ineffective for not pursuing his right to a speedy trial under Florida Rule of Criminal Procedure 3.191.
Mr. Remak was tried by jury and found guilty of two counts of attempted second-degree murder. At trial, Mr. Remak’s friend testified that he was playing cards with Mr. Remak when the victims approached Mr. Remak. The victims threatened Mr. Remak, an argument ensued, and the victims left. Shortly thereafter, Mr. Remak followed them. Mr. Remak’s friend and another man accompanied him. The friend saw Mr. Remak approach the victims and heard him suggest a fight. He then saw Mr. Remak pull out a gun and shoot in the direction of the victims. The friend immediately ran away, hearing two more shots as he fled. One of the victims testified that he and his brother were walking when they heard Mr. Remak behind them. Mr. Remak threatened them, and then they heard a shot. The victim turned around, and he saw Mr. Remak holding a gun. He noticed Mr. Remak’s friends were across the street. The victims continued walking, and two more shots were fired. The third shot hit one of the victims. Additionally, three men jailed with Mr. Remak testified that he made incriminating admissions.
The trial court sentenced Mr. Remak to a term of twenty-five years’ imprisonment for the first count and a consecutive term of twenty years’ imprisonment for the second count. This court affirmed Mr. Remak’s convictions and sentences. Remak v. State, 54 So.3d 982 (Fla. 2d DCA 2011) (table decision).
In ground nine of his motion, Mr. Remak contended that his trial attorneys were ineffective for not adopting his pro se demands for speedy trial and for waiving his right to a speedy trial. Mr. Remak alleged that he was arrested on August 29, 2008, and that he filed several pro se demands for speedy trial before the final attorney who was appointed to represent him waived his speedy trial rights on March 18, 2009. He was not tried until February 1, 2010. Mr. Remak contended that he was prejudiced by his attorneys’ failures to assert his speedy trial rights because the State would not have been able to produce evidence sufficient to convict him or proceed to trial within the recapture window provided in rule 3.191(p)(3). According to Mr. Remak’s motion, at the time the demands were filed, the State’s witnesses had given contradictory statements and had not identified Mr. Remak as the person who shot at the victims. Mr. Remak farther contended that he was prejudiced because Terrance Davis, a witness who was available at the time he filed his demands for speedy trial but unavailable when the trial commenced, would have testified that he witnessed the incident and Mr. Remak did not shoot at the victims.
Claims of ineffective assistance of trial counsel require a movant to show both deficient performance and prejudice. See generally Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish deficient performance, a movant must show that trial counsel’s conduct fell “outside the broad range of competent performance under prevailing professional standards.” Gore v. State, 846 So.2d 461, 467 (Fla.2003). To establish prejudice, a movant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been *6 different.” Sochor v. State, 883 So.2d 766, 771 (Fla.2004) (quoting Strickland, 466 U.S. at 694,104 S.Ct. 2052).
Thus, a claim of ineffective assistance of counsel based on a failure to assert a movant’s speedy trial rights under rule 8.191 requires a movant to show that trial counsel made an unreasonable decision not to pursue a movant’s speedy trial rights and that trial counsel’s unreasonable decision prejudiced the movant. Prejudice is established by showing either that the State could not have brought the movant to trial within the recapture window provided in rule 3.191(p)(3), see Dexter v. State, 837 So.2d 595, 596 (Fla. 2d DCA 2003) (holding that “in order to show prejudice from counsel’s failure to give notice that the speedy trial period has expired, a defendant would have to allege that the State could not have brought him to trial within the recapture period”), or that the quality of the State’s case within the recapture window would have been diminished so severely that there is a reasonable probability that the movant would have been acquitted or convicted of a lesser crime if the State had been forced to proceed, see Ryland v. State, 880 So.2d 816, 817 (Fla. 1st DCA 2004) (reversing summary denial where the movant “alleged that his co-defendants were arrested and charged after his speedy trial period began” and that “he was prejudiced by his counsel’s inaction because it (1) precluded his discharge; (2) allowed the state to broker a deal with a co-defendant, which resulted in detrimental testimony against him; and (3) allowed him to be tried with co-defendants who also provided prejudicial testimony”).
As the Fourth District Court of Appeal noted in Hammond v. State, 34 So.3d 58, 60 (Fla. 4th DCA 2010), “[a] claim of ineffective assistance of counsel based on a failure to seek discharge because of a violation of the speedy trial rule is extremely tenuous where the State had available the recapture window of Rule 3.191(p)(3),” which was added in 1985 to give “the system a chance to remedy a mistake.” Fla. R. Crim. P. 3.191 committee notes 1984 amendment; Florida Bar Re: Amend, to Rules-Criminal Procedure, 462 So.2d 386 (Fla.1984). To plead a facially sufficient claim of prejudice, a movant must allege specific facts that demonstrate that the State could not have brought the movant to trial within the recapture window provided in rule 3.191(p)(3) or that demonstrate that the quality of the State’s evidence would have diminished if the State had been forced to proceed within the fifteen-day recapture window. See Spera v. State, 971 So.2d 754, 758 (Fla.2007) (quoting Jacobs v. State, 880 So.2d 548, 550 (Fla.2004) (explaining that a facially sufficient rule 3.850 motion “sets out a cognizable claim for relief based upon the legal and factual grounds asserted”)). Unless a movant pleads a prima facie basis for concluding there is a reasonable probability that the outcome of the trial would have differed, such a claim should be dismissed as insufficiently pleaded.
Mr. Remak failed to plead a facially sufficient claim. He referenced no specific dates with regard to the available evidence, and he did not explain why the State would not have been able to bring him to trial or how the State’s evidence would have differed if the State had been forced to trial at an earlier date. To plead a claim upon which relief could be granted, Mr. Remak had to allege specific circumstances that existed at the time the allegedly deficient performance occurred that would have diminished the State’s case if he were brought to trial at that time. For example, he would have to explain: which witnesses allegedly had not identified him *7 as the shooter; how the witnesses’ statements conflicted; and how the available evidence would have adversely affected the State’s case if trial counsel had adopted a specific pro se demand for speedy trial and the State had been forced to proceed within the specified recapture window.
This court has reversed denials of insufficiently pleaded claims similar to Mr. Remak’s and remanded for the postconviction courts to follow the procedure explained in Spera, 971 So.2d at 761-62, by striking the claims and permitting an opportunity to amend. See Gamble v. State, 996 So.2d 946, 948 (Fla. 2d DCA 2008); Smith v. State, 988 So.2d 693, 694 (Fla. 2d DCA 2008). However, remand is not warranted in Mr. Remak’s case because the record attachments conclusively show that Mr. Remak cannot amend his claim to state a cognizable claim for relief. See Spera, 971 So.2d at 762 (explaining that a postconviction court should not permit the amendment of pleadings if the record conclusively refutes the allegations).
Assuming for the purpose of this analysis that none of the delay could be attributed to Mr. Remak,[1] the record attachments show that Mr. Remak cannot prove that there is a reasonable probability that the outcome of his trial would have differed if the State had been forced to try him at an earlier date. The victims knew Mr. Remak; one victim had prior contact with him on “numerous” occasions. He saw Mr. Remak holding a gun immediately after the first shot and seconds before the second and third shots. Mr. Remak’s friend saw Mr. Remak shoot at the victims. Several witnesses saw the victims confront Mr. Remak minutes before the shooting occurred, and at least one additional man accompanied Mr. Remak as he pursued the victims. The record conclusively shows that Mr. Remak’s identity was not at issue, and there is no indication that the witnesses who testified at trial or other witnesses to the confrontation and shooting would not have been available to testify at an earlier date. For that reason, Mr. Remak’s contention that the State would not have been able to try him if Terrence Davis were available to testify that he did not shoot at the victims is also conclusively refuted by the record. Although the State may have lacked the testimony of the jailhouse informants, the record attachments show that the informants’ testimony was substantially impeached, and the State’s evidence was sufficient — even overwhelming — without the informants’ testimony.
In rare claims of ineffective assistance of counsel related to a speedy trial claim under rule 3.191, prejudice to the movant may be apparent. For example, an attorney’s failure to comply with specific procedural requirements when asserting the right may undermine confidence in the outcome of the proceeding. See Gee v. State, 13 So.3d 68, 69 (Fla. 1st DCA 2009) (reversing summary denial where the movant alleged that counsel twice failed to file a notice of expiration of speedy trial time prior to moving for dismissal on speedy trial grounds, as required by Florida Rule of Criminal Procedure 3.191, and the trial judge expressed doubt about finding a jury during the rule 3.191 recapture window but denied the motion to dismiss because defense counsel had failed to follow the proper procedure). And prejudice may be clear when the State is not entitled to the recapture window in rule 3.191(p)(3). See *8 Wells v. State, 881 So.2d 54, 55 (Fla. 4th DCA 2004) (reversing summary denial where the State’s notice of refiling of charges, though sent within speedy trial period, was sent to an incorrect address and did not constitute sufficient notice to afford the State the fifteen-day recapture window). But when a claim of ineffective assistance of trial counsel is based on a failure to assert a movant’s right to a speedy trial under rule 3.191, claims of prejudice will almost always be speculative. See Hammond, 34 So.3d at 60. It is incumbent upon the movant to overcome speculation by reconstructing the circumstances that existed at the time the movant claimed deficient performance occurred and demonstrate a reasonable probability that the quality of the State’s case would have substantially differed at that time. Mr. Remak failed to meet this burden.
Affirmed.
NORTHCUTT and VILLANTI, JJ., concur.

. Even if a movant makes a prima facie showing of prejudice that is not conclusively refuted by the record, a movant may still not be entitled to an evidentiary hearing if the record conclusively shows that the delay was attributable to the movant or that exceptional circumstances, as defined in Florida Rule of Criminal Procedure 3.191(l), existed.