[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14474
Non-Argument Calendar
_____

D.C. Docket No. 8:04-cv-02302-EAK-TGW

CEDRIC MAURICE BUCKLON,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 25, 2015)

Before MARCUS, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Cedric Bucklon, a Florida prisoner proceeding pro se, appeals the district

court's denial of his Federal Rule of Civil Procedure 60(b)(6) motion for relief from judgment. In that motion, he sought to reopen his 28 U.S.C. § 2254 federal habeas proceedings for grounds 5 through 8 of his original petition.[1] The district court previously dismissed Bucklon's original § 2254 petition as procedurally barred under Florida law because Bucklon had not briefed them in his appeal from the denial of his state post-conviction petition. However, in Cunningham v. State, 131 So. 3d 793 (Fla. 2d DCA 2012), Florida's Second District Court of Appeal clarified that where the state post-conviction court had summarily denied some grounds, but denied others after an evidentiary hearing, the Second District would consider the merits, without briefing, of all grounds that the state post-conviction court had summarily denied. Id. at 794–95. Bucklon argues that this clarification is an "extraordinary circumstance" justifying Rule 60(b)(6) relief. After careful consideration, we agree.

## I.

In October 2004, Bucklon filed his first § 2254 petition in district court challenging his state court conviction. In grounds 5 through 8 of his amended petition, Bucklon argued that he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendment for a variety of alleged errors.

---

[1] In his opening brief here, Bucklon also sought to reopen his habeas petition on ground 4. However, in his reply brief, he concedes that regardless of the outcome of this case, ground 4 will remain procedurally barred due to his failure to raise the claim in his direct criminal appeal. Thus, we do not address that ground here.

2

In its 2006 order denying § 2254 relief, the district court found that grounds 5 through 8 were procedurally barred under Florida law because Bucklon had "waived and abandoned" those grounds when he failed to brief them in his appeal from the state post-conviction court's denial of his Florida Rule of Criminal Procedure 3.850 motion.[2]  The district court explained that because "Bucklon's [state] postconviction appeal was from a rule 3.850 order after an evidentiary hearing," he "was obliged to file a brief upon appealing the denial of [state] postconviction relief."  Although the Court at first granted a certificate of appealability (COA) on whether the district court had erred in finding Grounds 5 through 8 to be procedurally defaulted, we then sua sponte dismissed that appeal as untimely filed.  In January 2008, the Supreme Court denied certiorari.

In 2012, the Second District Court of Appeal issued its opinion in Cunningham.  In that opinion, the court explained that between December 2000 and September 2010, its internal policy in an appeal of the denial of a Rule 3.850 motion required briefing only on grounds that were denied after an evidentiary hearing, not for grounds summarily denied before the evidentiary hearing.  Cunningham, 131 So. 3d at 794–95.[3]  Thus, in an appeal where the state

---

[2] A state habeas petitioner who fails to properly raise his federal claims in state court is procedurally barred from pursuing those claims in federal court, absent a showing of cause for and actual prejudice from the default.  Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999).

[3] Bucklon's appeal of the state post-conviction court's denial of his Rule 3.850 motion was filed within this window.

post-conviction court had summarily denied some grounds, but denied others after an evidentiary hearing, the Second District would—absent briefing—still consider the merits of <u>all</u> grounds that the state post-conviction court had summarily denied. <u>Id.</u>

Following <u>Cunningham</u>, Bucklon filed his present Rule 60(b)(6) motion, which the district court summarily denied. This Court then granted a COA on the following issue: "Whether the Second District's order in <u>Cunningham v. State</u> . . . constitutes 'extraordinary circumstances' under Federal Rule of Civil Procedure 60(b)(6) justifying reopening Mr. Bucklon's habeas petition as to Grounds 4 through 8."[4]

## II.

We review the denial of a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) for an abuse of discretion. <u>Howell v. Sec'y, Fla. Dep't of Corrs.</u>, 730 F.3d 1257, 1260 (11th Cir. 2013). Rule 60(b)(6) allows for relief from an order for "any . . . reason that justifies relief" filed "within a reasonable time." Fed. R. Civ. P. 60(b)(6), (c)(1). A petitioner who seeks relief

---

[4] In <u>Spencer v. United States</u>, 773 F.3d 1132 (11th Cir. 2014) (en banc), this Court made clear that a COA must "specify what issue or issues raised by the prisoner satisfy [the] requirement" that "an underlying error [be] of constitutional magnitude." <u>Id.</u> at 1137. The certificate in this case does not meet that criterion. However, the Court's grant of a COA, and its denial of the State's motion challenging it, both predate our <u>Spencer</u> decision. Additionally, as in <u>Spencer</u>, the parties here have already briefed the issue on the merits. Thus, we similarly "decline to vacate the certificate at this late hour." <u>Spencer</u>, 773 F.3d at 1137. Still, for certificates granted after our <u>Spencer</u> decision, the certificate must specify for what issue the prisoner has made a substantial showing of the denial of a constitutional right.

under Rule 60(b)(6) must prove "'extraordinary circumstances' justifying the reopening of a final judgment." Howell, 730 F.3d at 1260 (citation omitted).

In Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005), the Supreme Court held that a change in its interpretation of the statute of limitations for filing a § 2254 petition did not constitute an extraordinary circumstance for reopening a prior § 2254 proceeding under Rule 60(b). Id. at 536, 125 S. Ct. at 2650; see also Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) ("[A] change in decisional law is insufficient to create the 'extraordinary circumstance' necessary to invoke Rule 60(b)(6)."). The Court explained that "[i]t is hardly extraordinary that subsequently, [after the dismissal of the prisoner's petition based on the statute of limitations], this Court arrived at a different interpretation." Gonzalez, 545 U.S. at 536, 125 S. Ct. at 2650. The Court also emphasized the petitioner's "lack of diligence" after the initial denial of his § 2254 petition because "petitioner neither raised that issue in his application for a COA, nor filed a petition for rehearing of the Eleventh Circuit's denial of a COA, nor sought certiorari review of that denial." Id. at 537, 125 S. Ct. at 2651. For the Court, "[t]his lack of diligence confirm[ed] that [the change in interpretation was] not an extraordinary circumstance justifying relief from the judgment in petitioner's case." Id.

The facts are quite different here for two reasons. First, unlike in Gonzalez, Bucklon is not relying on the Second District's Cunningham order as a mere

"change in decisional law," Arthur, 739 F.3d at 631, or a "different interpretation," Gonzalez, 545 U.S. at 536, 125 S. Ct. at 2650.  Rather, the Second District's order clarified to federal courts how the Second District had been interpreting its own procedural rules during the time Bucklon filed his state post-conviction appeal, see Cunningham, 131 So. 3d at 794–95—a procedure that federal courts had misunderstood.  In fact, a review of similar § 2254 proceedings pending or filed after Cunningham reflects that district courts in the Middle District of Florida have since relied on Cunningham's clarification to hold that unbriefed issues from the relevant time period were not procedurally barred.  See, e.g., Rockett v. Sec'y, Dep't of Corrs., No. 8:08-cv-1417-T-23EAJ, 2014 WL 3809146, at *2 (M.D. Fla. Aug. 1, 2014) ("Rockett's failure to brief the summarily denied grounds of ineffective assistance of trial counsel . . . caused no procedural default because the state appellate court automatically reviewed each ground under the practice confirmed in Cunningham."); Fogle v. Sec'y of Dep't of Corrs., No. 8:10-cv-2639-T-27EAJ, 2014 WL 806375, at *5 (M.D. Fla. Feb. 27, 2014) (same); Edmunds v. Sec'y, Dep't of Corrs., No. 8:10-cv-1426-T-27TGW, 2013 WL 4804533, at *18 n.12 (M.D. Fla. Sept. 9, 2013) (same).  In short, Cunningham did not constitute a mere change in law; it demonstrated that federal courts had misunderstood Florida state appellate court procedure.

Our holding mirrors the Sixth Circuit's conclusion in Thompson v. Bell, 580

F.3d 423 (6th Cir. 2009).  There, Thompson argued that "the Tennessee Supreme Court's promulgation of TSCR 39, which clarified that criminal defendants do not need to appeal their post-collateral relief actions to the Tennessee Supreme Court to exhaust their claims, demonstrates that the district court erred when it dismissed four of his ineffective assistance claims as procedurally defaulted."  Id. at 442.  The Sixth Circuit reaffirmed its prior holding that TSCR 39 constituted "extraordinary circumstances" for purposes of Rule 60(b)(6) because "the new rule indicated that the district court had failed to recognize a state's own procedural rule—thereby undermining the principle of comity on which AEDPA is based." Id.  Distinguishing Gonzalez, the Sixth Circuit noted that "[a] federal court's respect for another state's law was not at issue in Gonzalez, in which the Rule 60(b) motion was based solely on a change in federal decisional law interpreting a federal statute."  Id. at 443.  Similarly here, to not follow Florida's clarification of its "own procedural rule" in Cunningham would "undermin[e] the principle of comity on which AEDPA is based."  Id. at 442.

Second, unlike the petitioner in Gonzalez, Bucklon advanced his claim that the district court improperly found grounds 5 through 8 to be procedurally defaulted in his appeal from the denial of his Section 2254 petition, and a judge of this Court initially granted a COA on that issue.  After this Court dismissed Bucklon's appeal for lack of jurisdiction, Bucklon sought certiorari from the

7

Supreme Court.  Meanwhile, Bucklon also filed a Rule 60(b) motion in the district court challenging the finding that his appeal had been untimely.  After the district court denied this motion and our Court denied a COA, he unsuccessfully sought reconsideration from this Court and certiorari from the Supreme Court.  Unlike the "lack of diligence" shown by the Gonzalez petitioner, Bucklon "raised th[e] issue in his application for a COA, . . . filed a petition for rehearing of the Eleventh Circuit's denial of a COA, [and] sought certiorari review of that denial." Gonzalez, 545 U.S. at 537, 125 S. Ct. at 2651.

### III.

Finally, Rule 60(c)(1) requires that Bucklon file his motion within a "reasonable time."  Bucklon waited eighteen months after Cunningham was issued to file this Rule 60(b)(6) motion.  This amount of time is reasonable here.  Courts in other jurisdictions have approved of longer amounts of time in allowing Rule 60(b)(6) relief in habeas cases.  See, e.g., Thompson, 580 F.3d at 443 (allowing Rule 60(b)(6) relief even though Thompson did not file suit until four years after the "extraordinary circumstance" at issue).  And this conclusion is especially justified given Bucklon's overall diligence in advancing his claim since the start of his federal habeas petition, and the fact that he is currently a prisoner proceeding pro se.  It is also understandable that Bucklon would have waited to see how Cunningham would be interpreted and applied by courts in the Middle District of

8

Florida before filing his motion.[5]

In short, Bucklon has shown an extraordinary circumstance justifying Rule 60(b)(6) relief: a clarification of state procedure by a state court that informed us that our prior understanding was wrong.  We therefore reverse the district court's denial of Bucklon's Rule 60(b)(6) motion and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[5] The government suggests that Bucklon must have filed his Rule 60(b)(6) motion within one year of the Cunningham decision.  However, by its plain language, "to the extent it is applicable, clause (6) appears to offer a means of escape from the one-year limit that applies to motions under clauses (1), (2), and (3)."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2864, at 490 (2d ed. 2012).  The government has offered no case supporting the proposition that eighteen months is a de facto unreasonable amount of time.