DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JESSIE BENJAMIN POLLOCK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1310

[June 5, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 562020CF001773A.

Carey Haughwout, Public Defender, and Jaclyn Lopez, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant challenges his conviction and sentence for robbery, grand theft, and driving with a revoked license as a habitual traffic offender. He raises three issues: (1) whether the trial court erred in admitting collateral crime evidence; (2) whether he was entitled to a twelve-person jury pursuant to the Constitution; and (3) whether the court erred in failing to correct his sentence to designate when the portion of his sentence as a Prison Releasee Reoffender (PRR) should be served. We affirm on the first two issues.[1]

---

[1] Appellant did not object based on collateral crime evidence when he objected to the testimony at trial. He argued the testimony was not relevant or, if relevant, the probative value was substantially outweighed by the danger of unfair prejudice. On that issue, the trial court did not abuse its discretion in admitting the evidence. As to the twelve-person jury issue, *see Guzman v. State*, 350 So. 3d 72 (Fla. 4th DCA 2022).

As to his sentence on the robbery count, the court imposed both the Habitual Felony Offender and PRR enhancements, providing for a sentence of twenty-five years, with credit for time served. While the PRR sentence was a mandatory fifteen years, the court did not designate when that sentence should be served. Appellant filed a motion to correct his sentence, but the motion was deemed denied when the trial court failed to rule on it. While we affirm the sentence, the sentence needs clarification so that the Department of Corrections can properly calculate appellant's prospective release date and his gain time. We remand for the trial court to specify that the first fifteen years of the sentence shall be served as a PRR enhancement. *See Lunardi v. State*, 39 So. 3d 364, 365 (Fla. 5th DCA 2010).

*Affirmed and remanded for correction of the sentence.*

KLINGENSMITH, C.J., WARNER and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***